## (June 16, 1964)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. EDMOND VALLE, Appellant.

MEMORANDUM BY THE COURT. On this appeal from a judgment rendered after jury trial, convicting defendant of robbery in the first degree, defendant urges the trial court committed prejudicial error by its failure to charge robbery and assault, each in the second and third degrees respectively. The judgment appealed from should be affirmed. The law is clear "that if, upon any view of the facts, a defendant could properly be found guilty of a lesser degree or an included crime, the trial judge must submit such lower offense" (*People* v. *Mussenden*, 308 N. Y. 558, 561–562; see, also, Code Crim. Pro., §§ 444, 445). "The submission of a lesser degree or an included crime is justified only where there is some basis in the evidence for finding the accused innocent of the higher crime, and yet guilty of the lower one" (*People* v. *Mussenden, supra*, p. 563). The testimony of complainant Ramos and the testimony of Sherlock, the police officer, if accepted and believed by the jury, established that appellant Valle and one Vargas, a codefendant, acting together assaulted and robbed Ramos. There was testimony regarding the taking of money and a money clip, of Valle fleeing the scene and of being stopped for questioning while money was being held in his hand. Vargas and Valle testified neither was acquainted with the other. Vargas testified that Valle was not at the scene of the crime and that he did not see Valle. This coincided with the testimony of Valle who denied the presence at the scene or participation in the crime. The defendants' versions were completely different from those of the witnesses for the People. If the testimony of Vargas and Valle be accepted then the jury should have acquitted Valle. Any conviction of a lesser crime would necessarily have been founded upon speculation and have represented a compromise without any basis therefor in the evidence. The fact was that at the least a money clip had been removed from Ramos' person by force or fear. If Valle was not at the scene as a participant, the crime at most could only have been robbery second degree, and Vargas would have been entitled to the charge of a lesser degree of crime. Vargas, however, did not request such a charge. If Valle was at the scene, and the jury so found, and participated then only robbery in the first degree was the proper charge. It was Valle's assistance, the other essential elements being present, which raised the robbery to the status of first degree.

RABIN, J. (dissenting). I dissent and vote to reverse the judgment of conviction and would direct a new trial. I am of the opinion that it was reversible error for the trial court to .have failed to charge the jury with respect to a lesser degree of the crime of robbery and the lesser crime of assault.

Sections 444 and 445 of the Code of Criminal Procedure provide, in substance, that a defendant may be found guilty of lesser degrees of, or crimes

included in, the crimes with which he is charged albeit he is found not guilty of the latter. These sections have been held to mean "that if, upon any view of the facts, a defendant could properly be found guilty of a lesser degree or an included crime, the trial judge must submit such lower offense" to the jury. (*People* v. *Mussenden,* 308 N. Y. 558, 561–562.) Whether or not "a defendant could properly be found guilty of a lesser degree or an included crime," depends on whether "there is some basis in the evidence for finding the accused innocent of the higher crime, and yet guilty of the lower one." (*People* v. *Mussenden, supra,* p. 563.) It is only where "there is neither a factual nor legal basis for any finding other than one of guilt in the higher degree or acquittal, [that] there is no obligation upon the trial court to submit some intermediate alternative" (*People* v. *Clemente,* 285 App. Div. 258, 264, affd. 309 N. Y. 890).

Applying these principles to the record in this case, I am of the opinion that the defendant could be found not guilty of robbery in the first degree and yet could properly be found guilty of robbery in the second degree or of assault in either the second or third degree.

In finding the defendant guilty of robbery in the first degree on the facts in this case, the jury must have found that he committed the robbery with the aid of "an accomplice actually present" (Penal Law, § 2124, subd. 2). While the record does permit of such finding, it equally permits of a finding — even giving full credence to the proof offered by the prosecution — that the defendant and the codefendant were acting independently of each other. Since the jury could properly have made such latter finding, it should have been given the opportunity to convict for a robbery without an accomplice — robbery in the second degree. The failure to permit it to do so was error.

That an acquittal may have been the only permissible verdict had the jury credited the testimony of this defendant is of no consequence. The proof of guilt in this case flows solely from the testimony of the prosecution witnesses — proof that did not so clearly demonstrate concerted action as to make insupportable any finding of independent action by this defendant. (See *People* v. *Calhoun,* 20 A D 2d 528.) Indeed, independent action by this defendant could properly have been found if the jury had accepted — as it had a right to do — portions of the testimony of the prosecution's witnesses and of the defendants or either of them.

Similarly, the failure to charge as to the lesser crimes of assault was a fatal omission. While it is clear that the jury could have found that the defendant had taken property from the complainant, it could just as well have found that there was no taking and, therefore, no robbery. It could then have found, however, that the defendant assaulted the complainant with an intention to take complainant's property albeit such intention was not fulfilled. This finding would permit a verdict of guilt for assault in the second degree (Penal Law, § 242). Likewise, the jury could have found no intention to take any property but merely an assault by the defendant upon the complainant. Such a finding — supportable in the record — would permit a verdict of guilt of the crime of third degree assault (Penal Law, § 244).

In considering the above questions it must be borne in mind that we must appraise the situation as of the time of the giving of the charge and not as of the time when the verdict was rendered. It may not now be said that the jury's finding that there was an accomplice present — implicit in the verdict — serves to justify the failure to charge on the lesser crimes. The finding that there was an accomplice present may well have been the product of the failure of the trial court to give the jury an alternative. It is such a possibility that sections 444 and 445 of the Code of Criminal Procedure were designed to avoid.

It is therefore my conclusion that the jury should have been instructed as to the lesser degree of robbery and the lesser crimes of assault. The failure to do so constituted reversible error and a new trial should be directed.

While I am aware that no request was made by the defendant for a charge as to assault in the second degree, I need not now discuss the effect of such omission.* Were such crime the only lesser one properly chargeable, then the question as to the effect of the failure to request would have to be reached. Here, however, there were specific requests to charge robbery in the second degree, and assault in the third degree. The failure to comply with such requests is, in my opinion, sufficient to justify a new trial.

Valente, McNally and Stevens, JJ., concur in Memorandum by the court; Rabin, J., dissents and votes to reverse and order a new trial, in opinion in which Breitel, J. P., concurs.

Judgment appealed from is affirmed.

---

* It should be noted that there is some degree of confusion on this question. (See *People* v. *Monat,* 200 N. Y. 308, 311–312, holding a failure to request to be fatal, and *People* v. *Askew,* 19 A D 2d 130 [4th Dept.] holding to the contrary.)