Bergan, J.
Defendant was charged in a nine-count indictment with the sale of narcotics; with the possession of narcotics with intent to sell, as felonies (former Penal Law, § 1751; Public Health Law, art. 33) and with the unlawful possession of nar *28 cotics as a misdemeanor (former Penal Law, § 1751-a) on three separate occasions in 1964.
The trial court declined to follow the direction of section 445 of the Code of Criminal Procedure, which provides that a defendant ‘ ‘ may be found guilty of any crime, the commission of which is necessarily included” in the crime charged, and did not submit to the jury either the specific charges of possession with intent to sell or the separately alleged charge of unlawful possession.
The court submitted only the charges based on sale. The reason stated by the court was this: “ I viewed the case only with respect to a sale. There is no other version here. It is the testimony of Mr. Wilson who participated as the sole witness with respect to the sale. Now, either the defendant sold to him or he did not. So I am going to take away all the counts from the jury except the count of sale on each date.”
In a case involving a contraband where possession alone is a crime; where possession with intent to sell is a crime; and where sale is still another crime, the normal procedure to be expected in compliance with section 445 is to submit all three to the jury where the charge is sale. This is required particularly where the Grand Jury has found a sufficient differentiation in the circumstances of purported sale to make specific additional and separate charges based on possession.
This precise point was passed on in 1964 in People v. Bodie (22 A D 2d 978, opn. by Aulisi, J.) which held that “ defendant having been indicted for selling narcotics [former Penal Law, § 1751, subd. 1] the jury could have found him not guilty of that charge and guilty of possession of narcotics ”. This result was reached there, although possession was not separately charged in the indictment.
In sustaining the refusal of the court to charge differential degrees of homicide on trial of a felony murder indictment which, under the proof there, could be either felony murder or no crime, Judge Willard Bartlett in People v. Schleiman (197 N. Y. 383) was careful to note the general rule that “ the conditions are exceptional ” where a “ refusal to instruct the jury as to their power to convict of a lower degree ” is warranted. Only if there is “no possible view of the facts ” by which the *29 jury could find the lesser degree is such a refusal justified (p. 390).
A good synthesis of the rule was made by Judge Fuld in People v. Mussenden (308 N. Y. 558, 561-562): “It has been repeatedly written that if, upon any view of the facts, a defendant could properly be found guilty of a lesser degree or an included crime, the trial judge must submit such lower offense.”
The amplitude of a jury’s function under the rule was discussed by Peck, P. J., in People v. Clemente (285 App. Div. 258, 264): “ It is the policy of the law to allow juries a latitude which is not hemmed in by absolute logic.” He felt that juries “ may, on almost any excuse, convict of a lower degree of crime although conviction of a higher degree is clearly warranted”. In Clemente the lesser degree had not been charged and this was regarded by Judge Breitel in dissent as an additional reason why the lower degree should not have been submitted. (See, also, People v. Valle, 15 N Y 2d 682, a robbery, first degree, case; and People v. Calhoun, 20 A D 2d 528, also a robbery, first degree, case.)
The classic test to warrant a refusal to submit lower degrees or included crimes is that ‘ ‘ every possible hypothesis ’ ’ but the higher crime be excluded (Cardozo, Ch. J., People v. Moran, 246 N. Y. 100, 103).
When one reads the testimony of the policeman Wilson that he bought the drugs from this defendant at the times specified, there is a considerable doubt as to the transactions. A long time elapsed between the purported sales to Officer Wilson — February 20, March 6 and March 13 — and defendant’s arrest by another officer on March 31, 1964, particularly as to the first two offenses. When Wilson was a witness at the trial which began in September, 1964, he testified as to the facts entirely from notes.
The drugs were delivered by him to the regular police channels for testing and there were records which corroborated him as to these deliveries. A jury might well have believed that defendant possessed the drugs but that it had not been proven beyond a reasonable doubt that he sold them.
Defendant himself testified at some length and denied ever seeing or knowing the complaining officer Wilson. Yet in his categorical denials he largely limited himself to saying that he
*30 had never sold him narcotics. He admitted, however, that he had been a user of narcotic drugs. The jury might have taken this as, in some part at least, a denial of sale hut an implicit admission of possession. Sale is not the only permissible inference to be drawn from this record.
The judgment should be reversed and a new trial ordered.
Chief Judge Fuld and Judges Van Voorhis, Burke, Keating and Breitel concur with Judge Bergan ; Judge Scileppi dissents and votes to affirm on the authority of People v. Mussenden (308 N. Y. 558).
Judgment reversed, etc.