Bergan, J.
Defendant Battle has been convicted of assault, second degree, in a quarrel which started as a fist fight among three men, but in the course of which one Cage was stabbed. The Judge refused to leave open to the jury the alternative of finding defendant guilty of assault in the third degree. The proof is susceptible, however, of a reasonable doubt about defendant’s having stabbed Cage or knowingly having participated in this part of the assault, while at the same time leaving no reasonable doubt about the lesser assault.
On the duty of the court to charge the lesser degree of assault, defendant is entitled to the most favorable view of the record. Seen this way, it could be found by the jury that Cage was the first one to strike in the fight which started in the street and knocked defendant down and that the codefendant Pitman then came to defendant’s rescue, both chasing Cage into a house. Cage testified the defendants [sic] stabbed him, but he did not see a knife in the hand either of Battle or Pitman although the hall was well lighted and both men were in front of him.
Another witness, Minor, testified he saw Battle stab Cage; but he testified also he was not present during the fight. His testimony could be regarded by the jury as contradictory and unreliable on the issue of stabbing, e.g.: “ Q. And then you were there allegedly for the stabbing, when they stabbed this person? A. No, I was not there then.” Cage himself, testifying for the People, said Minor did not arrive until “ After the fight ”.
Thus, there could be a reasonable doubt that Battle stabbed Cage and in these circumstances the rule recently restated in People v. Malave (21 N Y 2d 26 [1967]) is that he must have the benefit of the charge on the lesser degree (Code Crim. Pro., § 445; People v. Mussenden, 308 N. Y. 558; People v. Schleiman, 197 N. Y. 383). The facts, on the lesser degree of *325 assault, are somewhat similar to those in People v. Lindsey (12 N Y 2d 421).
The judgment should be reversed and a new trial ordered.
Chief Judge Fuld and Judges Burke, Scileppi, Keating, Breitel and Jasen concur.
Judgment reversed, etc.