Cooke, J.
This is an appeal from an order of the Appellate Division, which affirmed a judgment of the Supreme Court, Kings County, convicting defendant, after a trial by jury, of two counts of felony murder and sentencing him thereon to concurrent terms of imprisonment of from 15 years to life.
During the afternoon of May 5, 1969, Patrolman Levy received a radio call and then proceeded to 275 Kosciusko Street in Brooklyn. Upon entering a second-floor apartment there, he observed the decedent, subsequently identified as Alex Chafetz, in the back room, lying face up on the floor with his hands and feet bound and a handkerchief partly inside his mouth.
On May 22, 1969, police officers went to the apartment of defendant, but he avoided apprehension by denying that he was Charles Shuman. Later that day, defendant voluntarily entered the police station and, in answer to a detective’s inquiry as to why they were looking for him, defendant replied: "[T]t’s about the old man on Kosciusko Street.” Defendant, after being apprised of his constitutional rights, thereafter rendered a full confession. In the admission defendant stated that he and two accomplices entered the decedent’s home from the rear, that the intruders were confronted by decedent and a struggle ensued, that when his accomplices started to flee, defendant summoned them back and while one ransacked the house, defendant and another tied the victim with electrical cord and then gagged decedent with a towel and handkerchief. Allegedly, Chafetz was alive when the perpetrators departed.
Dr. Di Maio, as an expert witness for the People, testified that he had observed the body of the deceased soon after the discovery. Premised upon an autopsy which he performed, the doctor opined that death occurred from asphyxiation by gagging and that it was homicidal in nature. Conceding that decedent was elderly and afflicted with arteriosclerosis, in the doctor’s view, natural causes did not produce the death. No evidence was offered by defendant to support a contrary conclusion.
*304 The defendant was tried and convicted pursuant to an indictment charging him with two counts of felony murder. In the first count the predicate felony was robbery while, in the second, burglary. At the conclusion of the court’s instructions to the jury, the defendant’s attorney excepted to the charge in that it omitted: "to charge the jury of the underlying felonies of robbery, attempted robbery, burglary or attempted burglary as separate counts, as lesser included offenses, since we could visualize if the death were not found to be homicidal that the jury could find the defendant guilty.”
On this appeal defendant contends that where the felony murder form of indictment is used, the underlying felonies are lesser included offenses which must be charged to the jury if there is "some basis” in the evidence. The refusal of the trial court to so charge, it is asserted, constituted reversible error.
At the time of trial, it being prior to the enactment of the new Criminal Procedure Law, section 445 of the Code of Criminal Procedure was the controlling provision. It provided that a jury may find a defendant guilty of any crime which is "necessarily included” in the crime charged in the indictment.
In determining the circumstances under which the Trial Judge must charge the jury as to offenses necessarily included, the rule evolved that the submission of an included crime "is justified only where there is some basis in the evidence for finding the accused innocent of the higher crime, and yet guilty of the lower one” (People v Mussenden, 308 NY 558, 563; see, also, People v Asan, 22 NY2d 526; People v Malave, 21 NY2d 26; People v Moran, 246 NY 100). This rule has been statutorily formulated as a "reasonable view of the evidence” test which is substantially a codification of the "some basis in the evidence” Mussenden standard (CPL 300.50; see L 1970, ch 996, § 1, eff Sept. 1, 1971). The classic statement of the test to warrant a refusal to submit lower degrees or included crimes, in a case of this vintage, is that "every possible hypothesis” but the higher crime be excluded (People v Asan, supra, p 530; People v Malave, supra, p 29; People v Moran, supra, p 103). The evidence must be viewed in the light most favorable to the defendant (People v Battle, 22 NY2d 323) and it matters not how the court may appraise the evidence as pointing to the defendant’s guilt of the higher crime, if some basis for an acquittal of that charge exists (see People v Mussenden, supra, p 562).
Applying these rules to the instant case, there should be an *305 affirmance. Defendant stated in his confession, properly admitted into evidence, that during the commission of the predicate felonies he stuffed a handkerchief into the victim’s mouth. The testimony of Dr. Di Maio, neither impeached nor contradicted by defendant, to the effect that death was the result of asphyxiation by gagging and homicidal in design, left no other conclusion to be drawn from the evidence than that the acts of defendant had caused Chafetz’s demise. The simple answer, then, is that under no view of the evidence could a jury find defendant not guilty of the crime charged and yet find him guilty of any crime necessarily included in that charged in the indictment. Therefore, it was not error for the court to refuse to charge the jury as to included offenses under the facts here presented and, consequently, we need not reach the question of whether a predicate felony could be considered as a lesser included offense.
The order of the Appellate Division should be affirmed.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler and Fuchsberg concur.
Order affirmed.