Cooke, J.
Justice Murtagh, at the conclusion of defendant’s trial, refused to charge the crime of petit larceny by false promise as a lesser included offense of the third degree grand larceny count listed in the indictment. On review, the majority of the Appellate Division, relying primarily on section 155.45 of the Penal Law, decided that it should have been charged and ordered a new trial. We hold that the Trial Justice was correct in this regard.
Defendant and Frank Lewis, the latter of whom died prior to trial, were accused under a five-count indictment charging: robbery in the first degree, grand larceny in the third degree, possession of a weapon, dangerous instrument and appliance, robbery in the second degree, and assault in the second degree.
On trial, Partin, the victim, testified that defendant and Lewis accosted him on a New York City street, took him to the roof of a nearby building, beat him with heavy sticks and forcibly stole $89 and a watch. Defendant’s version was different. He related that Partin, while in a car, approached him and others on a street and inquired if anyone might , have a television set for sale, that he got in Partin’s car and stated that for $25 he could reclaim a set he had previously pawned, that he had no such set, that after obtaining the money he left the car and entered a building with intent to abscond but was prevented from descending through another building because of a closed roof door, that upon hearing people ascend the stairs defendant hid behind a chimney until they departed, and he then removed himself from the building he had entered. Thus, defendant admitted that he committed the crime of petit larceny by false promise.
*367 After both sides rested, the court granted defendant’s request that petit larceny be charged as a lesser included offense. Following summations, the jurors were instructed that "any larceny is petit larceny”, that if they found "there was a larceny, and that there was a taking from the person of another, then the crime is grand larceny in the third degree”, and that if "on the other hand, you find that there was not a taking from the person of another, it would be petit larceny.” As to the count charging grand larceny in the third degree, the jury was charged that the verdict was to be one and only one of the following two: either guilty or not guilty of grand larceny in the third degree or guilty or not guilty of petit larceny. They were further told, however, that defendant could not be convicted of larceny by false promise, since that crime was not a lesser included offense and was not charged in the indictment, and that if they believed defendant’s version they were to acquit him of petit larceny. The court refused to charge petit larceny "by false promise”, to which an exception was taken, it being remarked that such petit larceny was not a lesser included offense. After being advised that it need not arrive at a verdict as to the count charging robbery in the second degree if it found defendant guilty of robbery in the first degree, the jury reported a verdict of guilty of robbery in the first degree, grand larceny in the third degree and possession of a weapon, dangerous instrument and appliance.
Before a jury is charged concerning a lesser included offense, two criteria must exist: (1) the offense being scrutinized for possible submission must meet the statutory definition of a "lesser included offense” (see CPL 1.20, subd 37); and, (2) there must be a reasonable view of the evidence which would support a finding that the defendant committed the lesser offense but did not commit the greater (CPL 300.50; People v Shuman, 37 NY2d 302, 304; People v Asan, 22 NY2d 526).
CPL 1.20 (subd 37) provides in part: "When it is impossible to commit a particular crime without concomitantly committing, by the same conduct, another offense of lesser grade or degree, the latter is, with respect to the former, a 'lesser included offense’.” (Emphasis added.) Accepting, as we must, the elements of this definition, defendant’s position that it was error to refuse to charge petit larceny by false promise is untenable. The first count of the indictment charged defendant with robbery in the first degree in that he "in the County *368 of New York, on or about March 26, 1971 forcibly stole certain property from Preston Partin having an aggregate value not in excess of $250.00, to wit, U. S. Currency and personal property and in the course of the commission of the crime * * * used and threatened the immediate use of a dangerous instrument, to wit, a knife and a stick.” The next count, the second, accused defendant of grand larceny in the third degree in that in said county on or about said date he "stole from the person of Preston Partin certain property having an aggregate value not in excess of $250.00, to wit, U. S. Currency and personal property.” The prosecution’s theory was based on Partin’s statements which supported those counts of the indictment. Defendant’s account of the episode, on the other hand, contradicted that theory as to the acts perpetrated, to the extent that the offenses, as separately advanced, cannot be construed to have been committed "by the same conduct.” Even as to space, there is a lack of coincidence since Partin swore that the larceny was effected on the roof of a building and defendant testified that it was accomplished in a car on a street.
In the decision under review, after citing certain definitional sections of article 155 of the Penal Law, the Appellate Division stated that "as a matter of definition, every grand larceny involves the commission of the lesser crime of petit larceny” (46 AD2d 123, 126). Statutory definitions alone, however, are not the appropriate standards in determining whether a charge should be submitted to a jury as a lesser included offense. Years ago, this court held that the word "offense”, as then used in a statute allowing conviction of an offense inferior to that charged in an indictment, means "the criminal act of the accused, and not the crime as defined by law” (Dedieu v People, 22 NY 178, 185). Recently, in the same vein, it was concluded that one crime was a lesser included offense of another "on the particular facts of this case on which we focus rather than merely superimposing the 'impossibility’ formula of lesser included offense upon the abstract statutory language” (People v Stanfield, 36 NY2d 467, 472; see People v Cionek, 35 NY2d 924; People v Hayes, 35 NY2d 907).
Defendant related on the stand that he had committed certain acts, constituting an admission that he had committed petit larceny "by false promise” (see Penal Law, § 155.05, subd 2, par [d]). That crime includes a wrongful taking, as does grand larceny "from the person”, but it also includes a prom *369 ise by the defendant and reliance by the victim (Penal Law, § 155.05, subd 2, par [d]; see Hechtman, Practice Commentaries, McKinney’s Cons Laws of NY, Book 39, Penal Law, § 155.05, pp 114-115; Rothblatt, Criminal Law of New York, Revised Penal Law, § 313). Not only is such conduct not required for grand larceny "from the person”, it is inconsistent with it (see CPL 300.30, subd 5). While defendant’s testimony established the elements of a petit larceny by false promise, he could not have committed both that petit larceny and a grand larceny from the person "by the same conduct.”
Section 155.45 of the Penal Law lends no aid or comfort to defendant. Subdivision 1 of that section, relating to pleading in larceny cases, provides that, except where it is an element of the crime charged that property was taken from the person or obtained by extortion, an accusatory instrument is sufficient if it alleges that defendant stole property of the nature or value required for the commission of the crime charged "without designating the particular way or manner in which such property was stolen or the particular theory of larceny involved.” Subdivision 2 provides that proof that the defendant engaged in any conduct constituting larceny as defined in section 155.05 of the Penal Law is sufficient to support an accusatory instrument for larceny other than one charging larceny by extortion.
At first blush, one might be tempted to apply that statute here but a consideration of its historical background demonstrates that it is completely unrelated to the issue of lesser included offenses. Prior to 1942, New York defined larceny in terms of common-law forms of theft, the effect of which was to require the prosecutor to plead and prove a particular theory of larceny in each case and to permit many "thieves” to slip "through the fingers of the law by virtue of sophistic technicalities” (Hechtman, Practice Commentaries, McKinney’s Cons Laws of NY, Book 39, Penal Law, § 155.05, p 113; see, e.g., People v Noblett, 244 NY 355, 359-360; People v Miller, 169 NY 339, 351-352). To rectify this situation and pursuant to a declared "public policy of the state that the best interests of the people of the state will be served, and confusion and injustice avoided, by eliminating and abolishing the distinctions which have hitherto differentiated one sort of theft from another” (L 1942, ch 732, § 1), former sections 1290 and 1290-a of the Penal Law were enacted so as to permit conviction upon pleading and proof charging and establishing larceny *370 regardless of the basic common-law offense underlying the particular case. Section 155.45, derived from former section 1290-a, is not to be read to permit a conviction of one crime as a lesser included offense of another where the operative facts and even the physical location of the respective crimes, as testified to, differ materially. Focusing our attention upon the particular facts of this case and since defendant’s testimony evinced a chronicle of events fundamentally alien to those established by the prosecution, the events did not arise out of the same conduct within the meaning of the statute (CPL 1.20, subd 37) and the trial court correctly refused to charge larceny by false promise.
The prosecution concedes that the issue of defendant’s guilt or innocence of the charge for grand larceny in the third degree, being an inclusory concurrent count of the robbery in the first degree charge (CPL 300.30, subd 4), should have been submitted only as an alternate theory to the robbery and that the charge therefor should have been dismissed when the jury returned a guilty verdict on the robbery in the first degree count (CPL 300.40, subd 3, par [b]; see People v Pyles, 44 AD2d 784).
The second count in the indictment, charging grand larceny in the third degree, is dismissed pursuant to the authority vested in CPL 470.35 (subd 2, par [b]). The order of the Appellate Division with respect to the conviction for robbery in the first degree and for possession of a weapon, dangerous instrument and appliance is reversed and the case is remitted to the Appellate Division for determination of the facts in conformity with CPL 470.40 (subd 2, par [b]).