Fuchsberg, J.
Gary Henderson was tried and convicted by a jury on a single-count indictment charging him with the felony of attempted burglary in the third degree (Penal Law, §§ 110.00, 140.20). The sole issue on this appeal is whether the trial court committed error when it refused a defense request to charge the jury that it might consider the misdemeanor of criminal trespass in the third degree (Penal Law, § 140.10) as a lesser included offense to the crime charged. The Appellate Division, Third Department, held that it was, reversed the conviction and ordered a new trial. We agree.
The trial proof, insofar as pertinent to our purposes, was as follows: Jiri Nechleba, the owner of an automobile dealership and repair facility, testified that one night at 12:30 A.M., when the premises were closed for business, locked and appeared deserted, he was at work alone in a secluded rear office. Attracted by the sound of breaking glass coming from the garage area of the building, he observed the outline of a person punching a hole by hammering on the glass of a rear window through which it would be possible to reach to deactivate a magnetic bell burglar alarm system inside the building. Upon being discovered, the intruder fled on foot, but not before Nechleba was able to observe his general appearance. The immediate discovery in the agency parking area of a strange automobile, its motor still warm and the keys in its ignition, and which Nechleba recognized as one he had, some two months earlier, sold to a former employee, the defendant Gary Henderson, led to the latter’s subsequent apprehension and an indictment which specifically charged him with "attempting] to knowingly enter and remain unlawfully in a building * * * with the intent to commit the crime of larceny therein”.
Defendant, testifying in his own behalf, admitted that he was in the vicinity of the crime on the night in question, but denied being its perpetrator. He claimed that, while driving in *235 the area that evening, he had experienced trouble with his car’s transmission and, because he had once been employed by the complainant and had bought the car there, he had decided to drive it into the agency lot where he could arrange to have it repaired in the morning, attributing to a careless habit his failure to remove the keys from the ignition and deposit them in an "early bird slot” of which he had knowledge.
On these facts, in deciding whether to grant the request that criminal trespass in the third degree also be charged, the Trial Judge was required to be guided by CPL 300.50 (subd 1). That provision authorizes a court to submit an offense inferior to that charged in an indictment for alternative consideration by a jury, provided two conditions prevail.* One of these conditions is that the relationship of the alternative crimes to one another must be such that it is "impossible to commit a particular crime without concomitantly committing, by the same conduct, another offense of lesser grade or degree”, the statutory definition of a "lesser included offense” (CPL 1.20, subd 37). The second, summarily stated, is that there must exist a "reasonable view of the evidence” under which it could be found that a defendant committed the lesser included offense but did not commit the greater one (People v Johnson, 39 NY2d 364, 367; People v Shuman, 37 NY2d 302, 304; People v Mussenden, 308 NY 558).
Directing our attention to the first condition, we note that criminal trespass in the third degree qualifies as a "lesser included offense” of burglary in the third degree. Indeed, "[b]urglary, as defined in the Revised Penal Law, is, in essence, nothing more than a form of criminal trespass with two aggravating factors: (1) the premises invaded constitute a building, and (2) the intruder enters or remains with intent to commit a crime thereon” (Hechtman, Practice Commentaries, McKinney’s Cons Laws of NY, Book 39, Penal Law, § 140.20, p 35). It was therefore impossible here, either within the confines of the acts specified in the indictment or on the trial evidence offered to support it, for a burglary to have been committed without the commission of a trespass (cf. People v Hayes, 35 NY2d 907, affg on opn at App Div 43 AD2d 99).
In illustrative contrast, the Trial Judge in the present case correctly rejected a request that he also charge the crime of *236 criminal mischief in the fourth degree. A person commits that crime "when, having no right to do so nor any reasonable ground to believe that he has such right, he: 1. Intentionally damages property of another person, or 2. Recklessly damages property of another person in an amount exceeding two hundred fifty dollars” (Penal Law, § 145.00). Neither intentional nor reckless destruction of property was a necessary element of the attempted burglary charged in the indictment against Henderson and, while he may have committed that crime, he simply was not accused of it in any shape, manner or form (cf. People v Johnson, 39 NY2d 364, 368-369, supra).
Turning now to the second condition, we conclude that criminal trespass here satisfies that criterion too. The test of whether a "lesser included offense” is to be submitted is certainly not that it is probable that the crime was actually committed or even that there is substantial evidence to support such a view. It suffices that it is supportable on a rational basis or, put another way, by logical necessity. To warrant a refusal to submit it "every possible hypothesis” but guilt of the higher crime must be excluded (People v Shuman, 37 NY2d 302, 304, supra; People v Malave, 21 NY2d 26), the evidence for that purpose being required to be considered in the light most favorable to the defendant (People v Battle, 22 NY2d 323) since the jury is free to accept or reject part or all of the defense or prosecution’s evidence (People v Asan, 22 NY2d 526; People v Valle, 15 NY2d 682, revg on dissent at App Div 21 AD2d 765).
The court’s appraisal of the persuasiveness of the evidence indicating guilt of the higher count is irrelevant; the question simply is whether on any reasonable view of the evidence it is possible for the trier of the facts to acquit the defendant on the higher count (People v Shuman, 37 NY2d 302, 304, supra; People v Mussenden, 308 NY 558, 562, supra) and still find him guilty on the lesser one. And it may not be amiss to observe that, at times, in their projection of laymen’s sensitivities to facts, "juries 'may, on almost any excuse, convict of a lower degree of crime although conviction of a higher degree is clearly warranted’ ” (People v Malave, supra, p 29, quoting People v Clemente, 285 App Div 258, 264, affd 309 NY 890).
So tested, it must be concluded that, while on the evidence here, though Henderson did not gain entrance to the building (hence the charge of attempted burglary) and fled when surprised by the owner, the jury nevertheless could have found *237 an intent to commit a larceny based upon circumstantial evidence (see People v Terry, 43 AD2d 875), it could also have found that he lacked the requisite intent at the time he broke the window (cf. People v Strong, 37 NY2d 568, 571; People v Stanfield, 36 NY2d 467, 471). Or the jury could have decided that he never intended to commit a larceny, but rather was motivated by any one of a conceivable number of other purposes such as, for example, an intent to bed down in the premises, to obtain information, or to engage in an act of mischief not larcenous in nature—all purposes, incidently, only somewhat less rational than the one the People had asked the jury to infer from the circumstantial evidence in view of the fact that there was in this case no direct or certain proof of the defendant’s actual purpose.
Accordingly, the order of the Appellate Division should be affirmed.

 If the court is authorized to submit that offense to the jury, it must do so if either party requests it (CPL 300.50, subd 2).