■ The People of the State of New York, Respondent, v Jackie L. Brown, Appellant.—Judgment unanimously reversed, on the law and facts, and a new trial granted. Memorandum: Defendant's conviction of criminal sale of a controlled substance in the third degree should be reversed and a new trial ordered. The trial court committed reversible error when it refused, after requests by defense attorney, to charge the elements of criminal possession of a controlled substance. Before a jury is charged concerning a lesser offense, two conditions must exist: (1) the offense being scrutinized for possible submission must meet the statutory definition of a "lesser included offense" (CPL 1.20, subd 37) and (2) there must be a reasonable view of the evidence which would support a finding that the defendant committed the lesser offense but not the greater *(People v Greer,* 42 NY2d 170, 174; *People v Johnson,* 39 NY2d 364, 367). Criminal possession of a controlled substance is a lesser included offense of criminal sale of a controlled substance in the third degree *(People v Jenkins,* 41 NY2d 307, 313; *People v Strong,* 60 AD2d 792). The question here to be decided is whether there exists a reasonable view of the evidence under which it could be found that the defendant committed the lesser included offense but did not commit the greater offense. "The test of whether a 'lesser included offense' is to be submitted is certainly not that it is probable that the crime was actually committed or even that there is substantial evidence to support such a view. It suffices that it is supportable on a rational basis or, put another way, by logical necessity. To warrant a refusal to submit it 'every possible hypothesis' but guilt of the higher crime must be excluded" *(People v Henderson,* 41 NY2d 233, 236). Inasmuch as the jury is free to accept or reject part or all of the defense or prosecution's evidence, the evidence for

this purpose must be considered in the light most favorable to the defendant *(People v Henderson,* 41 NY2d 233, 236, *supra; People v Asan,* 22 NY2d 526; *People v Battle,* 22 NY2d 323). Bearing in mind that "juries 'may, on almost any excuse, convict of a lower degree of crime although conviction of a higher degree is clearly warranted'" *(People v Malave,* 21 NY2d 26, 29, quoting *People v Clemente,* 285 App Div 258, 264, affd 309 NY 890), we find that the jury could believe that although the defendant did not in fact sell the narcotics to the undercover police officer, it was in his possession. We find that the trial court did not abuse its discretion in permitting the limited and brief cross-examination of the defendant with respect to his prior use of heroin which was not calculated to demonstrate that the defendant had a disproportionate propensity to commit the crime for which he was charged. Since such cross-examination was not prejudicial, it did not deprive the defendant of a fair trial *(People v Duffy,* 36 NY2d 258, 262, cert den 423 US 861; *People v Santiago,* 47 AD2d 476, 480; cf. *People v Carmack,* 52 AD2d 264, affd 44 NY2d 706). (Appeal from judgment of Monroe County Court—criminal sale controlled substance, third degree.) Present—Moule, J. P., Cardamone, Simons, Dillon and Denman, JJ.