■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HECTOR RAFAEL DIAZ, Appellant.—Judgment, Supreme Court, Bronx County, rendered, after trial to a jury, November 6, 1975, convicting defendant-appellant of murder, second degree, unanimously reversed, on the law, and the case remanded for a new trial. The record reflects colloquy between defense counsel and the court to the effect that the court intended to charge murder alone and refused to submit lesser included counts of manslaughter, first and second degrees, to the jury. Contrary to the prosecutor's argument, the evidence did not unequivocally support murder as the sole possible verdict. "The test of whether a 'lesser included offense' is to be submitted is certainly not that it is probable that the crime was actually committed or even that there is substantial evidence to support such a view. It suffices that it is supportable on a rational basis or, put another way, by logical necessity. To warrant a refusal to submit it 'every possible hypothesis' but guilt of the higher crime must be excluded *(People v Shuman,* 37 NY2d 302, 304, *supra; People v Malave,* 21 NY2d 26), the evidence for that purpose being required to be considered in the light most favorable to the defendant *(People v Battle,* 22 NY2d 323) since the jury is free to accept or reject part or all of the defense or prosecution's evidence *(People v Asan,* 22 NY2d 526; *People v Valle,* 15 NY2d 682, revg on dissent at App Div 21 AD2d 765)." *(People v Henderson,* 41 NY2d 233, 236.) The fatal shot was fired from a distance of five to six feet, immediately preceded by a remark tending to create some doubt as to the state of defendant's intentions or emotions at that moment, uttered as he came down the stairs to where the decedent stood in conversation with others. The refusal to charge as provided by CPL 300.50 (subd 2) was error. The evidence could have easily supported a conviction for either of the lesser crimes had they been charged. Concur—Lupiano, J. P., Fein, Lane, Markewich and Sullivan, JJ.