■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY PORTER, Appellant.—Judgment affirmed. Memorandum: On this appeal from a conviction, after a jury trial, of assault in the first degree, defendant asserts that the trial court erred in denying his request to charge assault in the second degree as a lesser included offense to the crime charged. The verdict rejected the defenses of justification and self-defense. The trial proof showed that on February 19, 1977 the defendant fired two shots at Le Van Way from a distance of two to five feet with a .25 caliber pistol. The first shot hit the victim in the right upper quadrant of his abdomen. The second shot, which did not immediately follow the first, missed Way as he fled. Expert medical proof was offered to establish that the gunshot wound would have caused death if not treated promptly. It is impossible by means of a deadly weapon (pistol) to commit assault in the first degree, the intentional causing of "serious physical injury" (Penal Law, § 120.10, subd 1), without committing assault in the second degree, the intentional causing of "physical injury" (Penal Law, § 120.05, subd 2). Thus, the crime of assault in the second degree is a lesser included offense of assault in the first degree (CPL 1.20, subd 37). A request to charge a lesser included offense must be granted when "there is a reasonable view of the evidence which would support a finding that the defendant committed such lesser offense but did not commit the greater" (CPL 300.50 subds 1, 2). However, it is "only where there is some basis in the evidence for finding the accused innocent of the higher crime, and yet guilty of the lower one", that submission of an included crime is justified *(People v Mussenden,* 308 NY 558, 563; see, also, *People v Shuman,* 37 NY2d 302, 304). While the defendant is entitled to the most favorable view of the evidence *(People v Battle,* 22 NY2d 323), the only reasonable view of the evidence here is that the defendant intended to cause "serious physical injury" to his victim. The type of weapon used, the manner in which it was used, the close proximity from which the shots were fired, and the location of the victim's bullet wound exclude " 'every possible hypothesis' " but guilt of assault in the first degree *(People v Henderson,* 41 NY2d 233, 236). The trial court did not err in refusing to charge a lesser included crime of assault in the second degree. All concur, except Carda-

mone, J. P., and Doerr, J., who dissent and vote to reverse the judgment and grant a new trial, in the following memorandum.

Cardamone, J. P. and Doerr, J. (dissenting). Appellant was convicted of assault in the first degree as a result of his participation in an early morning shooting in which one man was wounded. On appeal appellant urges that his conviction be reversed because the trial court denied his request to charge assault in the second degree as a lesser included offense. In our view such contention has merit and appellant is entitled to a new trial. It is undisputed that appellant, using a .25 caliber pistol, fired two shots one of which struck the victim in the midsection. Evidence adduced at the trial shows that the victim, a man much larger than appellant, physically abused and threatened appellant. On cross-examination the victim admitted that had he not been shot, it was his intention to kill appellant. Appellant testified that he was afraid of the victim, that the victim threatened to kill him and that although he fired twice he did not realize that he had hit the victim. The trial court charged the jury that they could consider the crimes of attempted murder in the second degree, assault in the first degree and criminal possession of a weapon in the second degree. Appellant's request to include assault in the second degree as a lesser included offense was denied. A person is guilty of assault in the first degree when he intentionally causes serious physical injury to another person by means of a deadly weapon or dangerous instrument (Penal Law, § 120.10, subd 1). Assault in the second degree consists of the intentional infliction of physical injury by means of a deadly weapon or dangerous instrument (Penal Law, § 120.05, subd 2). Assault in the first degree is an aggravated form of assault in the second degree, the difference being an intent to cause serious physical injury rather than physical injury. Since it is impossible to commit assault in the first degree (Penal Law, § 120.10, subd 1) without at the same time committing assault in the second degree (Penal Law, § 120.05, subd 2), the lesser crime should have been charged if there exists a " 'reasonable view of the evidence' under which it could be found that the defendant committed the lesser included offense but did not commit the greater one [citations omitted]" *(People v Henderson,* 41 NY2d 233, 235). The test to be applied as to whether there is a "reasonable view of the evidence" which requires submission of the lesser count is not the "probability" that such lesser crime was committed or that there exists "substantial evidence" to support such a view. Rather, considering the evidence in a light most favorable to the defendant, "every possible hypothesis" but guilt of the higher crime must be excluded in order to justify a refusal to submit the lesser crime *(People v Henderson, supra,* p 236; *People v Shuman,* 37 NY2d 302, 304; *People v Malave,* 21 NY2d 26). The evidence here clearly could support on a rational basis a finding that appellant intended to inflict merely physical injury and not serious physical injury. The jury should not have been foreclosed from making such a finding *(People v Asan,* 22 NY2d 526). (Appeal from judgment of Ontario County Court—assault, first degree.) Present—Cardamone, J. P., Hancock, Jr., Schnepp, Doerr and Moule, JJ.