■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS HECTOR SANTIAGO, Appellant.—Judgment, Supreme Court, Bronx County, rendered August 30, 1977, convicting defendant after a jury trial, of manslaughter in the first degree, reversed, on the law, and case remanded for a new trial. It is well settled that a refusal to charge a lesser included crime is warranted only where every reasonable hypothesis but guilt of the higher crime is excluded. *(People v Johnson,* 45 NY2d 546, 549; CPL 300.50, subds 1, 2.) At trial, the defendant testified that the decedent had slashed him with a

broken beer bottle. Defendant further testified that he had swung a machete in an attempt to knock the bottle out of the decedent's hand. Based upon that testimony, the jury could have reasonably found that the defendant had recklessly caused the death of the decedent. Consequently, the trial court erred in failing to charge, as requested, the crime of manslaughter in the second degree (Penal Law, §§ 125.15; 15.05, subd 3; *People v Tai,* 39 NY2d 894). The prosecution concedes that it was error for the trial court to admit defendant's postindictment custodial statement made to Detective Carmona in the absence of counsel. *(People v Settles,* 46 NY2d 154; *People v Pannone,* 59 AD2d 725.) However, the prosecution maintains that any error committed in admitting the statement was harmless. In his testimony, Detective Carmona stated that the defendant had admitted, *inter alia,* that he found the machete behind an ash can. At trial, defendant asserted that he had taken the machete from the hand of Israel Gonzalez, the owner of a social club. The discrepancy in the defendant's statement to the detective and his testimony at trial as to the source of the machete may have contributed to the jury's decision to convict him, and thus, the error may not be considered harmless beyond a reasonable doubt. *(People v Crimmins,* 36 NY2d 230, 237; cf. *People v Napolitano,* 62 AD2d 955.) Concur—Murphy, P. J., Lane, Silverman and Ross, JJ.