■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BYRON ROSS, Appellant.—Judgment, Supreme Court, Bronx County, rendered November 17, 1975, convicting defendant after a jury trial of attempted murder in the second degree and robbery in the first degree, and sentencing him to indeterminate concurrent terms of 8⅓ to 25 years on each count, modified, on the law, to the extent of reversing the conviction for attempted murder, *vacating the sentence thereon, and remanding the case for a new trial on* that count, and otherwise affirmed. Defendant and codefendant Delores Thompson were charged with the robbery and shooting of a liquor store owner on January 25, 1975. Mr. and Mrs. Watkins were locking their store at 308 East 167th Street when defendant and the woman approached. Defendant, placing a hard object at Mrs. Watkins back, told them not to move. When Mr. Watkins turned around, defendant shot him in the chest. As Watkins reached for a revolver he was carrying, he was shot twice in the hand. After trying to fire his gun, he realized that it was jammed. He turned to walk away from defendant and, at a distance of five feet, defendant fired again, striking Watkins in the lower lip. He continued to back away until he reached the curb, at which point defendant fired a fifth shot, knocking his hat off. Defendant and the woman thereupon fled with a bag containing the cash receipts from the store. They were subsequently apprehended on the roof of 1150 College Avenue by Officers Otto and Fitzsimmons, who had heard shots while on motor patrol. They were directed to the area by two officers who had observed two individuals running south on College Avenue. We agree with the defendant that the trial court erred in refusing to submit to the jury assault in the first degree as a lesser included offense of attempted murder in the second degree. We disagree with the trial court's conclusion that there was no reasonable view of the evidence which would support a verdict that defendant committed the lesser offense but not the greater. Submission of a lesser included offense has been held to be required "only where there is some basis in the evidence for finding the

accused innocent of the higher crime, and yet guilty of the lower one." *(People v Mussenden,* 308 NY 558, 563.) The standard was codified in CPL 300.50 (subd 1) to require such an instruction where a "reasonable view of the evidence * * * would support a finding that the defendant committed such lesser offense but did not commit the greater." The Court of Appeals has observed, in applying the standard, that "The evidence must be viewed in the light most favorable to the defendant *(People v Battle,* 22 NY2d 323) and it matters not how the court may appraise the evidence as pointing to the defendant's guilt of the higher crime, if some basis for an acquittal of that charge exists (see *People v Mussenden, supra,* p 562)." *(People v Shuman,* 37 NY2d 302, 304.) As applied here, the primary issue is whether defendant acted with requisite homicidal intent, rather than with intent to cause serious physical injury (Penal Law, § 10.00, subd 10), so as to have required submission to the jury of assault in the first degree (Penal Law, § 120.10). We perceive the record sufficient to have warranted the submission to the jury of the critical issue of defendant's intention at the time the crime was committed. Defendant's intention, a factual issue, was clearly a matter for the jury as trier of the facts. Accordingly, we deem it appropriate to remand the case for a new trial on the charge of attempted murder in the second degree. We have examined the remaining issues raised by appellant and find them to be without merit. Concur—Fein, J. P., Sandler, Bloom and Ross, JJ.