THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALVIN TEASLEY, Appellant.—Judgment, Supreme Court, New York County, rendered November 23, 1977, convicting defendant of two counts of robbery in the first degree (Penal Law, § 160.15, subd 2), one count of attempted assault in the first degree (Penal Law, §§ 110.00, 120.10), and one count of criminal possession of a weapon in the second degree (Penal Law, § 265.03), and sentencing him to concurrent indeterminate sentences of 6⅔ to 20 years on the robbery counts, and 0 to 3 years on the other two counts respectively, modified, on the law, the conviction for attempted assault reversed and the matter remanded for a new trial on that count, and, in the exercise of the court's discretion, the matter remanded for resentencing on the remaining counts in light of the reversal on the attempted assault count. On the night of August 27, 1976, defendant and two others robbed complainant of his money and jewelry at gunpoint in Washington Square Park. Complainant pursued the men to Sixth Avenue and West 4th Street, where he alerted two police officers to the robbery. When one officer began to frisk defendant and one of the other accomplices, he was pushed from behind, and defendant and his companion escaped in different directions. As the officer pursued defendant across Sixth Avenue, defendant turned, pointed, cocked, and appeared to fire a loaded pistol at the officer. With the aid of a bystander, defendant was subdued and the gun recovered. Among other counts, defendant was charged with attempted murder in the first degree. Prior to summation, the trial court informed the prosecutor and defendant's counsel that it would charge to the jury attempted assault in the first

degree, and reckless endangerment in the first and second degrees as lesser included offenses of attempted murder in the first degree. However, despite counsel's objection, the court did not charge the reckless endangerment offenses to the jury. Defendant was acquitted of the attempted murder charge, but was convicted of attempted assault in the first degree, as well as weapon possession and robbery. On appeal, appellant contends, *inter alia,* that the trial court's refusal to charge to the jury reckless endangerment in the first and second degrees deprived appellant of the effective assistance of counsel. In reliance on the court's presummation statement of intention to charge the jury on reckless endangerment, defense counsel conceded in summation that defendant had pointed a cocked, loaded gun at the police officer, but argued that his intention was only to frighten his pursuer, not kill him. The evidence indicates that this could have been a reasonable interpretation of the events. (See *People v Henderson,* 41 NY2d 233, 236.) The failure of the trial court to charge the jury on reckless endangerment after informing counsel of its intention to do so was error. As the People commendably concede, from the facts here, reckless endangerment was properly chargeable as a lesser included offense of attempted murder. Further, as a result of the court's indication of intention, counsel, on an erroneous premise, effectively invited the jury to convict defendant on the lesser offenses by suggesting that defendant had tried to frighten the officer without any regard to whether he or someone else would be killed or injured. In *People v Johnson* (45 NY2d 546, 549) the court stated that "it is well settled that a refusal to charge a lesser included crime is warranted only where ' "every possible hypothesis" but guilt of a higher crime [is] excluded' ". (See, also, *People v Santiago,* 70 AD2d 539; *People v Diaz,* 66 AD2d 752.) Defendant is entitled to the most favorable view of the evidence, and where "there is a reasonable view of the evidence which would support a finding that the defendant committed such lesser offense but did not commit the greater" (CPL 300.50, subd 1), defendant must have the benefit of a charge on the lesser offense. *(People v Battle,* 22 NY2d 323.) Therefore, appellant's conviction for attempted assault in the first degree must be reversed, on the law, and remanded for a new trial. We have examined appellant's other contentions and find them to be without merit. However, in the exercise of its discretion, this court remands to the trial court for resentencing on the other counts. Concur—Kupferman, J. P., Birns, Silverman, Ross and Lynch, JJ.