■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE COOK, Appellant.—Judgment, Supreme Court, Bronx County, dated March 21, 1978, convicting defendant of the crimes of attempted murder in the second degree (Penal Law, §§ 110.00, 125.25), and two counts of robbery in the first degree (Penal Law, § 160.15), and sentencing him thereon to concurrent indeterminate terms of imprisonment of 12½ to 25 years on the robbery convictions to run consecutively to a 12½- to 25-year term on the attempted murder conviction, is unanimously modified, on the law, to the extent that the conviction on the first count (attempted murder) is reversed and a new trial and suppression hearing ordered with respect to that count, and the judgment is otherwise affirmed. With respect to the conviction of attempted murder, it was error, on the facts of this case, for the court to refuse defendant's request to submit to the jury the count of assault in the first degree, as a noninclusory concurrent count (CPL 300.30, subd 4; 300.40, subds 4, 3, par [a]), or perhaps as a lesser included offense *(People v Ross,* 70 AD2d 541; CPL 300.50, subd 3). Intent to cause death is an essential element of attempted murder in the second degree under the relevant statutory provision. (Penal Law, § 125.25, subd 1; § 110.00.) The lesser crime of assault in the first degree requires only intent to cause serious physical injury. (Penal Law, § 120.10, subd 1.) (In the present case, as the victim lost an arm, if there was an attempt to commit assault in the first degree, the attempt was consummated and defendant is guilty of assault in the first degree, rather than just an attempt to commit that crime.) The indictment included a count of assault in the first degree. Defendant was entitled to have submitted to the jury the question of fact whether his intent was to cause death, or only to cause serious physical injury in which event he would only be guilty of the lesser crime. The court should therefore have submitted to the jury the count of assault in the first degree. In addition, the court too narrowly restricted cross-examination, particularly with respect to the identification procedures as to the attempted murder count. Indeed, we are unable to understand the basis for some of the rulings sustaining objections to form of the questions. We recognize that the trial court has considerable discretion in limiting excessive cross-examination. We can only speculate as

to whether the provocative and disrespectful conduct of defendant's trial attorney was a factor in the strictness of some of the Judge's rulings. However, considering the failure to submit the assault charge, together with the too narrow restrictions on cross-examination, we think the conviction on the attempted murder charge must be reversed. As some of these excessive restrictions on cross-examination occurred in the course of the *Wade* hearing, we think that if there is a new trial on the attempted murder count, there should also be a new *Wade* hearing as to that count. The remaining two counts—charging robbery in the first degree—relate to an entirely different incident, on a different day, against different victims, from the attempted murder count. The objectionable restrictions on cross-examination did not occur with respect to the testimony as to the robbery counts. Nor do we think the defects as to the attempted murder count vitiated the fairness of the trial of the robbery counts. The remaining claims of error also do not warrant reversal of the robbery counts. Concur—Fein, J. P., Bloom, Silverman, Ross and Yesawich, JJ.