■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL MAHONEY, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Lakritz, J.), rendered September 23, 1985, convicting him of assault in the first degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review, *inter alia,* the denial, after a hearing (Clabby, J.), of that branch of the defendant's omnibus motion which was to suppress certain statements made to law enforcement officials.

Judgment modified, on the law, by reversing the conviction of assault in the first degree, vacating the sentence imposed thereon, and ordering a new trial on that count of the indictment. As so modified, judgment affirmed.

The evidence adduced at the *Huntley* hearing reveals that defendant made an inculpatory statement at the arrest scene in response to a question asked by a police officer prior to being informed of his constitutional rights. Approximately three hours later, after undergoing medical treatment, the defendant was advised of his *Miranda* rights and was interrogated by a detective at the precinct where the defendant made additional statements which were reduced to writing by the detective. The hearing court suppressed the statement made at the arrest scene, but not the statements made at the precinct. The defendant contends that the statements he made at the precinct should also have been suppressed because it was tainted by the statement made at the arrest scene.

Although the defendant's earlier statement was given without *Miranda* warnings, his later statements, made after he was given the warnings, cannot be said, as a matter of law, to have been made in violation of his rights against compulsory self-incrimination. The initial brief police questioning at the arrest scene was related to an investigation into a complaint of an assault and was not custodial. Even if the initial questioning had been custodial in nature, under the circumstances of this case, there was "such a definite, pronounced break in the interrogation that the defendant may be said to have returned, in effect, to the status of one who is not under the influence of questioning" *(People v Chapple,* 38 NY2d 112, 115). Therefore, the hearing court properly admitted the defendant's written statements into evidence.

Nevertheless, there must be a new trial. The evidence adduced at the trial indicates that on August 26, 1984, during a struggle, the defendant stabbed the complainant in the

chest. However, there was conflicting testimony regarding the events immediately preceding the attack. The jury rejected the defense of justification. On appeal, the defendant asserts that the trial court erred in denying his request to charge assault in the second degree as a lesser included offense of assault in the first degree. We agree. Assault in the second degree, the intentional causing of "physical injury" (Penal Law § 120.05 [2]), is a lesser included offense of assault in the first degree, involving the intentional causing of "serious physical injury" (Penal Law § 120.10 [1]; see, People v Porter, 69 AD2d 1007). A request to charge a lesser included offense must be granted when "there is a reasonable view of the evidence which would support a finding that the defendant committed such lesser offense but did not commit the greater" (CPL 300.50 [1]; see, People v Glover, 57 NY2d 61, 64; People v Green, 56 NY2d 427). In determining whether such a reasonable view of the evidence exists, the evidence must be viewed in the light most favorable to the defendant (see, People v Martin, 59 NY2d 704, 705).

It is undisputed that the complainant suffered a serious injury. Thus, the only issue pertinent to the difference between the lesser and greater offenses is whether the defendant intended to cause "serious physical injury" to the defendant. Questions of intent are generally factual in nature (see, People v Zimmer, 49 AD2d 792). Viewing the evidence in the light most favorable to the defendant (see, People v Martin, supra), and given the conflicting accounts of the events leading to the attack, the trial court erred in not submitting to the jury the issue of whether the defendant intended to cause physical injury or serious physical injury (cf. People v Porter, supra).

In addition to the crimes for which the defendant was convicted, he was also charged with, but was acquitted of, attempted murder in the second degree. In view of this fact, the failure to submit the lesser crime of assault in the second degree cannot be considered harmless (see, People v Green, supra, at p 435). Gibbons, J. P., Bracken, Niehoff and Kunzeman, JJ., concur.