■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEROME FORCIONE, Appellant.—Judgment unanimously affirmed. Memorandum: In a prosecution for assault, it was an abuse of discretion to permit the prosecutor, over objection, to inquire of a medical expert whether the victim's injuries satisfied the legal definition of "serious physical injury" *(see,* Penal Law § 10.00 [10]). While the physician was competent to testify concerning the nature, extent, treatment, prognosis and permanency of the victim's injuries, the ultimate determination whether those injuries satisfied the statutory definition was not beyond the ken of the typical juror *(cf., People v Cronin,* 60 NY2d 430, 432; *De Long v County of Erie,* 60 NY2d

296, 307; *People v Allweiss,* 48 NY2d 40, 50). Nevertheless, reversal is not required. In response to the improper inquiry, the physician did not express an opinion that the victim's injuries satisfied the statutory standard, and any error in receiving the answer as given must be viewed as harmless. Proof of defendant's guilt was overwhelming and there is no significant probability that, but for the error, the jury would have acquitted defendant *(see, People v Crimmins,* 36 NY2d 230, 242).

We have reviewed the other issues raised by defendant and find them to be without merit. (Appeal from judgment of Supreme Court, Onondaga County, Merrell, J.—assault, second degree.) Present—Dillon, P. J., Callahan, Denman, Green and Lawton, JJ.