■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NATHANIEL MCMILLION, Appellant.—Judgment unanimously affirmed. Memorandum: The trial court properly exercised its discretion in admitting the opinion testimony of the medical expert that the victim's injuries caused a protracted impairment of the victim's health and constituted a significant risk of death, because "the conclusions to be drawn from the facts 'depend upon professional or scientific knowledge or skill not within the range of ordinary training or intelligence' " *(People v Cronin,* 60 NY2d 430, 432, quoting *Dougherty v Milliken,* 163 NY 527, 533; *see also, People v Keindl,* 68 NY2d 410, 422; *cf., People v McCart,* 157 AD2d 194, 197, *lv denied* 76 NY2d 861; *People v Forcione,* 156 AD2d 952, *lv denied* 75 NY2d 919). In any event, any error in the admission of that testimony must be deemed harmless.

The trial court properly denied defendant's request to charge assault in the second degree (Penal Law § 120.05 [2]) as a lesser included offense of assault in the first degree (Penal

Law § 120.10 [1]) because there is no reasonable view of the evidence that would support a finding that defendant committed the lesser offense but did not commit the greater offense *(see, People v Glover,* 57 NY2d 61, 63). "While the defendant is entitled to the most favorable view of the evidence *(People v Battle,* 22 NY2d 323), the only reasonable view of the evidence here is that the defendant intended to cause 'serious physical injury' to his victim. The type of weapon used, the manner in which it was used, the * * * proximity from which the shots were fired, and the location of the victim's bullet wound exclude ' "every possible hypothesis" ' but guilt of assault in the first degree *(People v Henderson,* 41 NY2d 233, 236)" *(People v Porter,* 69 AD2d 1007). (Appeal from Judgment of Erie County Court, Dillon, J.—Attempted Murder, 2nd Degree.) Present—Callahan, J. P., Green, Pine, Lawton and Davis, JJ.