■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDREW SANCHEZ, Appellant.—Judgment, Supreme Court, Bronx County (Lawrence H. Bernstein, J.), rendered July 3, 1990 by which the defendant was convicted, after a jury trial, of manslaughter in the first degree, and sentenced to a term of four to twelve years in prison, unanimously reversed on the law, the facts and as a matter of discretion in the interest of justice and the matter remanded for a new trial.

Defendant and a co-defendant were convicted in connection

with the beating death of 28 year old Willis Kennedy Sancier. The People's case consisted chiefly of the testimony of two individuals, who purportedly were eyewitnesses and who testified, in substance, that the victim and the defendant's codefendant, Juan Rodriguez, were engaged in a fistfight when defendant and a group of at least ten youths armed with sticks and bats surrounded the pair. According to the witnesses, three or four members of the group including the defendant and co-defendant forced the victim to the ground, and continued to beat him, stopping only when the victim appeared dead.

The defense case consisted of testimony offered by the defendant, his 14 year old cousin, defendant's grandfather and two family friends. According to these witnesses, the victim, who was a drug addict, became enraged because a group of local youths was taunting him. The victim swung a two-by-four board at the group, hit a neighbor's dog and eventually hit co-defendant Rodriguez in the face when Rodriguez attempted to restrain him. The victim then chased the defendant's 14 year old cousin into an alley and hit him several times in the back. Defendant ran to his cousin's aid because the boy had asthma and a heart murmur and easily became short of breath. The victim swung the board at the defendant's head but defendant ducked, and then struck the victim in the mouth and began kicking him in an attempt to wrest the board away from him. The defendant then took his cousin home to get him his asthma medication. The defense witnesses testified, that as they left the scene a group of youths surrounded the victim and began beating and kicking him. Defendant's grandmother testified that the 14 year old did indeed have asthma and a heart murmur and that the defendant brought the boy home for medication on the evening in question.

The trial court improperly denied the request, by counsel for both defendants, that the jury be charged on the lesser included offense of assault in the third degree. In this case, the evidence, when viewed in the light most favorable to the defendant, could reasonably support a finding that the defendant may have committed the lesser included offense of assault in the third degree, but not manslaughter in the first degree. There was sufficient evidence presented for the jury to conclude that the defendant left the scene sometime before the victim was beaten to death. Accordingly, the failure to charge the lesser offense constitutes error requiring that there be a new trial (CPL 300.50; *People v Martin,* 59 NY2d 704;

*People v Scarborough,* 49 NY2d 364; *People v Shuman,* 37 NY2d 302). The error was exacerbated by the court's response to the jury's inquiry concerning whether it could return a verdict on a lesser charge than first degree manslaughter for one of the defendants, in which it instructed the jury not to consider any lesser counts. Concur—Murphy, P. J., Carro, Rosenberger, Kupferman and Ross, JJ.