Dennis Monroe **CHAMBERS**, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 24545.

United States Court of Appeals
Fifth Circuit.

March 20, 1968.

John J. Sullivan, Savannah, Ga., for appellant.

William T. Morton, Asst. U. S. Atty., Augusta, Ga., Richard C. Chadwick, Asst. U. S. Atty., Savannah, Ga., Donald H. Fraser, U. S. Atty., for appellee.

Before JOHN R. BROWN, Chief Judge, and FAHY* and DYER, Circuit Judges.

JOHN R. BROWN, Chief Judge:

Appellant, his father and a brother were indicted for violating and conspiring to violate 50 App. U.S.C. § 462(a), a part of the Universal Military Service and Training Act, by hindering and interfering with administration of the Act.[1] The father and the brother were acquitted. Appellant was convicted on evidence of an assault upon a member of his Local Board. The case arose out of the circumstances now to be stated.

Appellant was given initially a 3-A hardship deferred classification. Thereafter the Board reclassified him as 1-A. He then sought deferment for a year to help his father on his farm. This was denied. There was evidence that about a week later appellant met up with Mr. Joseph M. Brogdon, a member of the Board, and asked, "Are you going to change your mind?", to which Mr. Brogdon replied, "About what?", to which appellant responded, "You know what," with Mr. Brogdon then saying "I can't change my mind," whereupon appellant assaulted Mr. Brogdon. There is some evidence to the effect that Mr. Brogdon struck the first blow.

Appellant and his father testified that the altercation was not due to appellant's classification and denial of deferment but to a dispute with Mr. Brogdon over payment for the hauling of his cattle by the Chambers. They denied any intention of hindering or impeding the Board or its members in their duties. Thus, assuming that appellant was the aggressor, there was an issue for the jury as to whether appellant's intent at the time of the altercation brought the matter within section 462(a), note 1 supra, or whether there was only an assault within state jurisdiction.

Appellant urges that his conviction must be reversed because, inter alia, he was not properly advised of his Miranda rights before making the incriminating statements which were admitted into evidence at trial.

This case is squarely governed by our recent decision in Windsor v. United States, 5 Cir., 1968, 389 F.2d 530. There as here appellant was advised of his right to speak to or consult with an attorney, but was not advised that "he was entitled to the presence of an attorney, retained or appointed, during the interrogations." We held in Windsor that this did not meet the Miranda criteria for admissibility. Similarly, lack of compliance with the standards of Miranda is apparent here. The incriminating statements were inadmissible.

Reversed and remanded for a new trial.

---

* Senior Circuit Judge of the District of Columbia Circuit, sitting by designation.

1. 50 App.U.S.C. § 462(a) provides:
   * * * any person or persons who shall knowingly hinder or interfere or attempt to do so in any way, by force or violence or otherwise, with the administration of this [said sections] or the rules or regulations made pursuant thereto * * * shall, upon conviction in any district court of the United States of competent jurisdiction, be punished by imprisonment for not more than five years or a fine of not more than $10,000, or by both such fine and imprisonment * * *. [Brackets in original.]