■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. ONEILO RUIZ, Respondent.— Order entered January 17, 1969 granting defendant's motion, after hearing, to suppress certain statements, unanimously reversed on the facts, and law, and the motion denied. The court found the defendant's statements, which were made to the officers on the street prior to their giving the defendant the *Miranda* warnings (*Miranda* v. *Arizona,* 384 U. S. 436), were admissible because they were made voluntarily while he was not in custody. As to those statements, the motion to suppress was denied. The court suppressed all acts performed by the defendant after the *Miranda* warnings were given to him on the street, and, specifically, the act of leading the detectives to his automobile. With reference to those statements made by the defendant after he was given the *Miranda* warnings and before he arrived at the police station, the court found the defendant understood all the warnings. Since, however, the detective merely asked the defendant if he understood, without more, the court held there was not demonstrated a conscious or express waiver

to have counsel present before the questioning. This fact coupled with the court's findings that the questioning at this point occurred while the defendant was in custody is the basis of the court's ruling that the *Miranda* warnings given were not sufficient. The court made an express finding that the defendant understood the English language. In our opinion the defendant by his acts and conduct after the *Miranda* warnings were read to him waived his privilege against self incrimination. The record clearly demonstrates that the defendant also intelligently waived his right to counsel, and did so immediately after the warnings were given. No express statement of waiver is necessary if the facts and surrounding circumstances clearly demonstrate that such a waiver was otherwise made. (*People* v. *Matthews,* 30 A D 2d 776, affd. 25 N Y 2d 870.) The defendant not only said he knew what was read to him, he voluntarily offered to take the police to where the automobile was located, and took the police to that location. These events transpired immediately after the warnings were given. Waiver in each case depends on the facts, including the background, experience and conduct of the accused. (*Carnley* v. *Cochran,* 369 U. S. 506; *Johnson* v. *Zerbst,* 304 U. S. 458; *United States* v. *Hayes,* 385 F. 2d 375, cert. den., 390 U. S. 1006; *People* v. *Bodie,* 16 N Y 2d 275.) Concur — Eager, J. P., Markewich, McNally and Steuer, JJ.