Guadalupe O. SANCHEZ, Petitioner-Appellant,

v.

Dr. George J. BETO, Director, Texas Department of Corrections, Respondent-Appellee.

No. 71-2059.

United States Court of Appeals, Fifth Circuit.

Oct. 2, 1972.

Gary Norton, Corpus Christi, Tex., for petitioner-appellant.

Crawford C. Martin, Atty. Gen. of Tex., Dunklin A. Sullivan, Austin, Tex., for respondent-appellee.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

GODBOLD, Circuit Judge:

The appellant Guadalupe O. Sanchez was convicted of murder with malice in Texas state court and sentenced to death. The Texas Court of Criminal Appeals affirmed.[1] Having exhausted his state remedies, he filed in the United States District Court a petition for writ of habeas corpus which, after hearing, was denied. The only point which we need discuss is the failure to give the warnings mandated by Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L. Ed.2d 694 (1966). That failure requires us to reverse the denial of the writ.

█ The interrogation was custodial. Even though the confession was made May 4, 1966, five weeks before the date Miranda was decided, which was June 13, 1966, the decision applies because Sanchez's trial commenced April 10, 1967, well after the date of the decision. Johnson v. New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966).

Sanchez was 18 years old when arrested. According to the merits trial testimony of the only expert who had examined and tested him, he was mentally retarded, had an I.Q. of 73 and an intelligence level in the lower 5% of the population, and the ability to understand and reason of a child 12 to 13.[2]

1. Sanchez v. State, 454 S.W.2d 210 (Tex. Cr.App.1970).

2. Other testimony by an expert who briefly observed Sanchez but did not test him placed him slightly higher. His jailer said he was of average intelligence.

■ Between about 10:30 p. m. on May 3, 1966, and the early afternoon of May 4, Sanchez was warned over and over again—by a justice of the peace, a police officer, then another justice of the peace, followed by a warning from a polygraph operator given before the polygraph examination commenced.[3] Sanchez confessed to the polygraph operator.

The form of the numerous warnings is understandable since, in each instance (except the brief and informal warning by the police officer) they followed exactly or with minor variation the provisions of Art. 15.17, Vernon's Ann.Tex. C.C.P. as then in force:

*Art. 15.17 Duties of arresting officer and magistrate*

In each case enumerated in this Code, the person making the arrest shall immediately take the person arrested before some magistrate of the county where the accused was arrested. The magistrate shall inform the person arrested of the accusation against him and of any affidavit filed therewith, of his right to retain counsel, of his right to request the appointment of counsel if he is unable to obtain counsel, and of his right to have an examining trial. He shall also inform the person arrested that he is not required to make a statement and that any statement made by him may be used against him. The magistrate shall allow the person arrested reasonable time and opportunity to consult counsel and shall admit the person arrested to bail if allowed by law.

That section had been enacted in response to Escobedo v. Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964).[4] Article 15.17 did not meet the requirement that the individual subjected to interrogation must be warned that he has the right to the presence at the interrogation of an attorney, retained or appointed. In none of the warnings was Sanchez informed of this right. On August 28, 1967, Art. 15.17 was amended so as to add this requirement: "[The magistrate shall inform in clear language the person arrested] . . . of his right to have an attorney present during any interview with peace officers or attorneys representing the state. . . ."[5]

The requirement critical in this case begins with *Miranda* itself, which styled as an "absolute prerequisite to interrogation" that "an individual held for interrogation must be clearly informed that he has the right to consult with a lawyer and to have the lawyer with him during interrogation." 384 U.S. at 471, 86 S.Ct. at 1626, 16 L.Ed.2d at 722.

The Texas bar recognized in 1966, after *Miranda* came down, that Art. 15.17

3. One or more warnings were given during the polygraph examination, but whether these were before or after incriminating statements were elicited is unclear.

4. Charles v. State, 424 S.W.2d 909, 920 (Tex.Cr.App.1967), cert. denied, 392 U.S. 940, 88 S.Ct. 2319, 20 L.Ed.2d 1401 (1968).

5. The entire text of amended Art. 15.17 is:
    "Art. 15.17 Duties of arresting officer and magistrate
    In each case enumerated in this Code, the person making the arrest shall without unnecessary delay take the person arrested or have him taken before some magistrate of the county where the accused was arrested. The magistrate

shall inform in clear language the person arrested of the accusation against him and of any affidavit filed therewith, of his right to retain counsel, of his right to remain silent, of his right to have an attorney present during any interview with peace officers or attorneys representing the state, of his right to terminate the interview at any time, of his right to request the appointment of counsel if he is indigent and cannot afford counsel, and of his right to have an examining trial. He shall also inform the person arrested that he is not required to make a statement and that any statement made by him may be used against him. The magistrate shall allow the person arrested reasonable time and opportunity to consult counsel and shall admit the person arrested to bail if allowed by law."

as then in effect did not meet the newly articulated constitutional standards.

It [the Special Committee of the State Bar of Texas for the Revision of the Code of Criminal Procedure] recommends that Article 15.17 be amended so as to set forth more specifically the "warning" that a magistrate must give the accused brought before him, in order to conform to the requirements of the United States Supreme Court decision in the *Miranda* case.

Morrison & Bowner, Recommended Changes Code of Criminal Procedure, 29 Tex.Bar J. 1003, 1055 (1966). The Texas legislature responded in 1967 with amended Art. 15.17. See Judge Onion dissenting in Charles v. State, 424 S.W. 2d 909, 922 (1967), cert. denied, 392 U. S. 940, 88 S.Ct. 2319, 20 L.Ed.2d 1401 (1968):

How [former Art. 15.17], in effect at the time of the appellant's statement, afford[s] even greater procedural safeguards than any United States Supreme Court decision construing the due process clauses of the Federal Constitution as claimed by the majority is beyond the comprehension of this writer.

What the majority still fails to grasp, the Legislature was quick to realize. The Legislature recognized that the statutes in effect at the time of appellant's statement, enlightened as they may have been when enacted, did not meet the requirements of the Miranda decision, nor were as fully effective.

This circuit has carefully followed the *Miranda* command. Fendley v. United States, 384 F.2d 923 (5th Cir. 1967); Windsor v. United States, 389 F.2d 530 (5th Cir. 1968); Chambers v. United States, 391 F.2d 455 (5th Cir. 1968); Montoya v. United States, 392 F.2d 731 (5th Cir. 1968); Lathers v. United States, 396 F.2d 524 (5th Cir. 1968); Atwell v. United States, 398 F.2d 507 (5th Cir. 1968). We have examined with a microscopic eye the many cautionary statements made to Sanchez.

None reaches the standard which *Miranda* and our own unbroken line of decisions require.

The *Miranda* warning must effectively convey to the accused that he is entitled to a government-furnished counsel *here and now*. If the words are subject to the construction that such counsel will be available *only in the future*, *Miranda* has not been obeyed. Although there is no talismanic or heraldic abracadabra which must be fulfilled, the offer of counsel must be clarion and firm, not one of mere impressionism.

Lathers v. United States, *supra*, at 535 (emphasis supplied).

[In *Windsor*] as here appellant was advised of his right to speak to or consult with an attorney, but was not advised that "he was entitled to the *presence* of an attorney, retained or appointed, during the interrogations." We held in *Windsor* that this did not meet the *Miranda* criteria for admissibility. Similarly, lack of compliance with the standards of *Miranda* is apparent here.

Chambers v. United States, *supra*, at 456 (emphasis original).

The state relies upon cases from the Second Circuit which have held the requirements of *Miranda* satisfied under circumstances in which, although there is no evidence that the accused was told of his right to the presence of an attorney, an inference can be drawn to that effect. United States v. Cusumano, 429 F.2d 378 (2d Cir.), cert. denied, 400 U. S. 830, 91 S.Ct. 61, 27 L.Ed.2d 61 (1970); United States v. Lamia, 429 F. 2d 373 (2d Cir.), cert. denied, 400 U.S. 907, 91 S.Ct. 150, 27 L.Ed.2d 146 (1970). That approach was considered and rejected in *Lathers*, see quote above, and *Montoya*, *supra*, at 735. The state also suggests that *Windsor* may be distinguished on the ground that the interrogator there affirmatively misled the accused by the use of the word "before," i. e., that the accused was told that he had the right to consult an attorney *before* he said anything. Our subsequent

cases have not taken so narrow a view of *Windsor*. Neither *Chambers, Lathers* nor *Atwell* relies upon the "affirmative misleading" argument.

The judgment of the District Court is reversed and the cause is remanded with directions to grant the writ discharging petitioner from custody unless the state elects, within a reasonable time to be set by the District Court, to retry him on the indictment.

### ON PETITION FOR REHEARING AND PETITION FOR RE-HEARING EN BANC

PER CURIAM.

The Petition for Rehearing is denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is denied.