■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. BRUCE DUNNETT, Also Known as "ROAD CLOUD", Appellant.— Appeal from a judgment of the County Court of Tompkins County, rendered September 19, 1973, upon a verdict convicting defendant of the crime of criminally selling a dangerous drug in the third degree. The only issues raised on this appeal are whether defendant was adequately advised of his *Miranda* rights (*Miranda* v. *Arizona*, 384 U. S. 436) so as to render his post-arrest statements admissible and whether he was deprived of a fair and impartial trial by certain statements made by the Assistant District Attorney in his summation. Prior to trial, defendant moved to suppress certain inculpatory statements made to one of the arresting officers. At the suppression hearing, Investigator McElligott testified that he informed defendant that "he had the right to remain silent and be represented by counsel; anything he said could and would be used against him in a Court of Law and if he was unable to obtain counsel, one would be provided." Trooper Mastronardi also testified that he advised defendant of his rights to the same effect. Defendant contends that both warnings were deficient since they did not advise him of his right to consult with counsel prior to questioning and to have counsel present during questioning; that since the required warnings were not fully given, there could be no knowing and intelligent waiver thereof (*Miranda* v. *Arizona, supra,* pp. 471–472). We agree. In *Miranda,* the Supreme Court stated (pp. 471-472) : " We hold that an individual held for interrogation must be clearly informed that he has the right to consult with a lawyer and to have the lawyer with him *during interrogation* under the system for protecting the privilege we delineate today. As with the warnings of the right to remain silent and that anything stated can be used in evidence against him, *this warning is an absolute prerequisite to interrogation. No amount of circumstantial evidence that the person may have been aware of this right will suffice to stand in its stead* " (emphasis supplied). The court had said (p. 469) that " the right to have counsel present at the interrogation is indispensable to the protection of the Fifth Amendment privilege." Thus, *Miranda* explicitly requires that the defendant be advised of his right to consult with counsel prior to questioning and to have counsel present during questioning if he so desires (pp. 470, 479). However, since the Supreme Court refrained from mandating a ritualistic verbal formula for

use in every case, there understandably has been much debate about whether various formulations adequately convey the substance of *Miranda* warnings. but what *Miranda* and its progeny clearly establish is that it is insufficient to merely advise a defendant that he has a right to counsel, retained or appointed, without something more to indicate that the right attaches immediately and not at some future time—that he has the right to presence of counsel during questioning (see, e.g., *Orozco* v. *Texas,* 394 U. S. 324, 326; *People* v. *Rodney P. [Anonymous],* 21 N Y 2d 1, 3–4; *People* v. *Swift,* 32 A D 2d 183; *People* v. *La Congo,* 30 A D 2d 757. See, also, *United States* v. *Carneglia,* 468 F. 2d 1084, 1090-1091, cert. den. sub. nom. *Inzerillo* v. *United States,* 410 U. S. 945; *Sanchez* v. *Beto,* 467 F. 2d 513, cert. den. sub. nom. *Estelle* v. *Sanchez,* 411 U. S. 921; *United States* v. *Oliver,* 421 F. 2d 1034, 1037; *United States* v. *Fox,* 403 F. 2d 97, 99-100; *Atwell* v. *United States,* 398 F. 2d 507, 510; *Chambers* v. *United States,* 391 F. 2d 455, 456. But, see, *United States* v. *Pacelli,* 470 F. 2d 67, 72, cert. den. 410 U. S. 983). Since defendant was not sufficiently informed of his rights, there could be no waiver thereof and his oral statements should have been suppressed. Turning to the summation, the defendant objected to several improper remarks by the Assistant District Attorney. At times, his remarks came perilously close to vouching for the credibility of his chief witness (see *People* v. *Figueroa,* 38 A D 2d 595). Furthermore, he repeatedly voiced his opinion that the defense was not credible (*People* v. *Lovello,* 1 N Y 2d 436; *People* v. *Wilson,* 40 A D 2d 839-840). One of the issues at trial was the officer's ability to observe the sale transaction which took place about 15 feet away from him. The only evidence in the record was to the effect that it was dark on that November evening. Yet, in his summation, the Assistant District Attorney overstepped the bounds of fair comment on the evidence by informing the jury: "You have to use your common experiences Hardee's is lighted, there is no place that has more lights that we have got here. We have got here lots of lights." (*People* v. *Birch,* 6 A D 2d 28, 30; *People* v. *D'Agostino,* 5 A D 2d 841.) While none of these remarks considered individually necessarily warrant a new trial on this record, their cumulative effect, together with and more importantly because of the error in admitting defendant's oral statement, requires reversal and a new trial. Judgment reversed, on the law, and a new trial ordered. Herlihy, P. J., Greenblott, Cooke, Sweeney and Main, JJ., concur.