■    THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GALE ZIMMER, Appellant. Appeal from a judgment of the Chemung County Court, rendered July 12, 1974, upon a verdict convicting defendant of the crime of assault in the second degree and sentencing him to a term of two years and four months to seven years in the custody of the State Department of Correction. After a jury trial, defendant was convicted as a result of a knife attack upon one Tracy Mace which took place in the vicinity of the Newtown Inn in Elmira, New York, on September 6, 1973. On this appeal, he makes three contentions, all of which are without merit. Initially, defendant argues that the trial court erred in charging the jury that a possible verdict was guilty or not guilty of assault in the second degree, and his basis for this connection is his conclusion that the evidence introduced at trial excluded any possibility that Mace's injury was other than "serious" and, therefore, either an acquittal or a conviction of assault in the first degree was mandated. We disagree. The only difference between assault in the first degree and assault in the second degree pertinent to this case is that assault in the first degree requires intent to cause and actually causing "serious" physical injury (Penal Law, § 120.10, subd 1), and assault in the second degree requires merely intent to cause and actually causing physical injury (Penal Law, § 120.05, subd 2), and such questions as intent and the seriousness of an injury are clearly factual in nature. On this record, we cannot say that there is no possible view of the facts which would support the jury's ultimate verdict, and hence, the trial court properly charged the lesser degree of the crime *(People v Malave*, 21 NY2d 26). Defendant's second contention, that the trial court erred in denying his motion to suppress a statement he made to law enforcement officers, is likewise without merit. Even if the officers neglected to inform defendant that his right to counsel attached immediately and at the time of his statement (cf.

*People v Dunnett,* 44 AD2d 733), defendant admitted at the suppression hearing that he knew he had a right to an attorney during his interrogation by the police. Accordingly, any error was purely technical and harmless *(People v Crimmins,* 36 NY2d 230). Finally, defendant argues that his sentence of imprisonment was harsh and excessive. In view of the nature of the offense involved and the other circumstances of this case, however, we find no abuse of discretion by the trial court and affirm its decision *(People v Caputo,* 13 AD2d 861). Judgment affirmed. Herlihy, P. J., Sweeney, Main, Larkin and Reynolds, JJ., concur.