■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANNY K. PERRY, Appellant.—Appeal from a judgment of the County Court of Chemung County, rendered April 25, 1975, convicting defendant, upon his plea of guilty, of the crime of arson in the third degree. On September 12, 1974, defendant was indicted by the Chemung County Grand Jury for the crime of arson in the third degree in violation of section 150.10 of the Penal Law. The indictment arose out of an incident on September 5, 1974 in which the home wherein defendant resided with his wife and two children and a vacant house next door were damaged by fire. Following a *Huntley* hearing, defendant's motion to suppress statements which he allegedly made to the police on September 5, 1974 was denied. Thereafter he pleaded guilty and was sentenced to an indeterminate term of imprisonment not to exceed four years in the custody of the Department of Correctional Services. On this appeal, defendant's central contention is that his motion to suppress was improperly denied. We disagree. Although defendant was originally advised orally of his *Miranda* rights by Detective Bailey who neglected to specifically inform defendant that his right to an attorney attached prior to any police interrogation, we do not find that this circumstance warrants a reversal of the ultimate conviction. Immediately following the oral warnings, defendant was given a voluntary statement form which explicitly and correctly set forth his right to counsel. After apparently reading said form, which contained a waiver of the right to counsel, he signed it voluntarily. Moreover, he additionally stated to the police that he knew his rights and did not want an attorney, and he willingly discussed with the police the matter under investigation. Under these circumstances, we find that *People v Dunnett* (44 AD2d 733) relied upon by defendant is clearly inapposite and that any error in Detective Bailey's oral warnings "was purely technical and harmless" *(People v Zimmer,* 49 AD2d 792, 793). We further find that by his acts and conduct defendant voluntarily and intelligently waived his right to counsel (cf. *People v Ruiz,* 34 AD2d 908). With regard to the fact that defendant was in police custody for approximately 12 hours before he signed the statement in question, we again must disagree with defendant and find that this did not constitute an unreasonable seizure. Much of this time was consumed by arranging and administering a polygraph test to which defendant voluntarily submitted, and throughout the entire period of the interrogation defendant was most co-operative with the police. Furthermore, despite the length of the detention, the record strongly supports a finding that defendant's statement was voluntarily given (cf. *People v Leonti,* 18 NY2d 384, cert den 389 US 1007). We are unable to conclude, as urged by the defendant, that the sentence imposed was unduly harsh and excessive. The matter of sentencing rests with the sound discretion and judgment of the sentencing court and should be disturbed only under extraordinary circumstances, *(People v Caputo,* 13 AD2d 861). The defendant's criminal act here was a serious one, resulting in the destruction of property, and might well have led to far more serious and tragic consequences. The absence of extraordinary circumstances here dictates affirmance. Judgment affirmed. Sweeney, J. P., Kane, Mahoney, Main and Reynolds, JJ., concur.