■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DWIGHT STANTON, Appellant.—Appeal from a judgment of the County Court of Chemung County, rendered April 11, 1975, convicting defendant, upon his plea of guilty, of the crime of burglary in the third degree. On February 27, 1974 defendant was indicted by the Chemung County Grand Jury for the crimes of burglary in the third degree in violation of section 140.20 of the Penal Law and petit larceny in violation of section 155.25 of the Penal Law. After his arrest defendant made certain oral statements to a detective at the Elmira Police Department. Following a *Huntley* hearing, it was determined that the statements were voluntarily made without violation of any constitutional rights. Thereafter defendant pled guilty to burglary, third degree in full satisfaction of the indictment. He was sentenced to an indeterminate term of imprisonment of from zero to four years at the

Elmira Reception Center. This appeal ensued and defendant raises two issues. He contends that the oral statements were procured in violation of his right to counsel and that the sentence is harsh and excessive. As to the first issue, the record reveals that the detective advised defendant that "he had the right to remain silent, not say anything, anything he said could and would be used against him in a court of law; and he had a right to an attorney of his own choice; if he couldn't afford one, one would be appointed for him free of charge." The record further reveals that after these oral warnings the detective handed defendant a printed voluntary statement form which contained the complete versions of defendant's *Miranda* rights; that when asked if defendant read the printed statement, the detective testified, "No sir. Mr. Stanton told me he knew his rights. We talked about them many times in the past"; that defendant told the detective he understood his rights and would talk with him with regard to the alleged burglary; and that defendant thereafter signed the waiver form in the presence of the detective. The record further demonstrates that defendant had a low intelligence quotient of between 62 and 67; but that, while only 19 years of age, he had had numerous encounters with the law. Specifically, defendant contends that he was not advised that he was entitled to a lawyer to consult with and to be present with him during the interrogation and, consequently, the warning did not comply fully with *Miranda v Arizona* (384 US 436). Considering the record in its entirety, we are of the view that defendant voluntarily and intelligently waived his right to counsel *(People v Perry,* 52 AD2d 963). While this was defendant's first conviction of a felony, his long record of encounters with the law justified the sentence imposed and we should not disturb it *(People v Caputo,* 13 AD2d 861). Judgment affirmed. Sweeney, Mahoney, Larkin and Reynolds, JJ., concur; Greenblott, J. P., dissents and votes to reverse in the following memorandum. Greenblott, J. P. (dissenting). I dissent. In *People v Dunnett* (44 AD2d 733) we held that the requirements of *Miranda* are not satisfied unless it is clear that the defendant is aware of his right to the presence of an attorney during interrogation. Here, this right was allegedly set forth in a printed statement form given to the defendant, but it is admitted that defendant did not read it. The majority finds that defendant nevertheless knew his rights on the basis of testimony of the detective to the effect that defendant, who had an intelligence quotient of between 62 and 67, declared that he knew his rights because they had "talked about them many times in the past". To find that a defendant in fact was fully apprised of and understood the full panoply of *Miranda* rights on the basis of a generalized conclusory statement has the effect of precluding inquiry into the actual extent of defendant's knowledge and understanding. Particularly in the case of one with marginal intelligence, self-laudatory statements indicating knowledge should be subject to careful scrutiny. The majority's reliance upon *People v Perry* (52 AD2d 963) is misplaced because of the distinguishing factor that in that case the defendant had read the form which advised of the right to have counsel present during interrogation. I vote to reverse the conviction.