■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARVIN A. DIBBLE, Appellant.—Appeal from a judgment of the County Court of Broome County, rendered March 20, 1973, convicting defendant upon his plea of guilty of the crimes of unlawful possession of a weapon and two counts of robbery in the first degree. Initially, defendant was arrested and charged with unlawful possession of a weapon. He was interrogated after receiving his *Miranda* warnings and made certain inculpatory statements regarding the weapon charge. Subsequently, he was arraigned and the Public Defender was appointed to represent him. Several days thereafter he was questioned after receiving his *Miranda* warnings, but without the presence of counsel, concerning two recent robberies. He then made certain admissions relative to the robberies. Following his indictment, defendant moved to suppress the gun and admissions. The motion was denied, and defendant then pleaded guilty to unlawful possession of a weapon and two counts of robbery. On this appeal he contends that the initial stop by the police and the subsequent seizure of the gun were in violation of his Fourth Amendment rights; that the admissions were tainted fruit of the illegal search and seizure; and that the statements were obtained in violation of his right to counsel. A resolution of these issues requires a somewhat detailed recitation of the surrounding facts and circumstances. At about 12:45 A.M. on October 20, 1972, the Binghamton Police Department received a phone call from an unknown informant stating that a man with a gun in his belt was in the Clinton Street area. A description of the man was also given. Within a short time several police officers proceeded to the area in question and a man who matched the description was seen running across a parking lot. When this individual later entered a nearby apartment building, three of the officers converged on him from different directions while he was standing in the hallway. One of the officers shouted, "Hold it; it is the police." The person continued in an apparent attempt to remove something from inside his coat in the belt area. A brief struggle ensued between the individual and the officers and a gun dropped to the floor. The defendant was then arrested. A determination of the legality of the seizure of the gun depends upon a balancing of the legitimate interests of the defendant against the reasonableness and appropriateness of the police action *(People v Prochilo,* 41 NY2d 759). Based only upon the facts that defendant matched the description given in an anonymous phone tip and that he was seen running through a parking lot, we are of the view that the police were not justified in stopping and frisking him *(People v Stewart,* 41 NY2d 65; *People v La Pene,* 40 NY2d 210), but they did have the common-law power to inquire for purposes of

maintaining the *status quo* until additional information could be acquired *(Adams v Williams,* 407 US 143). The critical additional factor presented in this case is the defendant's apparent attempt to remove something from under his coat in the area of his belt after the police identified themselves and told him to "hold it". Consideration of the potential danger to the police, intensified by the defendant's conduct following his confrontation with the police, leads us to conclude that the action of the police was reasonable and justified. Consequently, the motion to suppress the gun was properly denied. In view of our determination that the initial encounter by the police and the seizure of the gun were justified, we reject defendant's contention that all subsequent admissions were "tainted fruit" *(People v Martinez,* 37 NY2d 662). Finally, we consider the more vexing question of whether the statements obtained from defendant as a result of interrogation involving the alleged robberies violated defendant's right to counsel. Once a defendant in custody is represented by counsel in connection with criminal charges, he may not waive his right to counsel in the absence of his lawyer *(People v Arthur,* 22 NY2d 325). This rule, however, may not be invoked where the defendant is represented by counsel in a proceeding unrelated to charges under investigation *(People v Hobson,* 39 NY2d 479). In the instant case the questioning involving the robberies took place several days after the defendant was arraigned on the weapon charge. This subsequent interrogation was made by members of the Sheriff's department who were investigating the robberies and not by the Binghamton police, who made the initial arrest on the weapon charge. The crimes were different and unrelated except that the gun was allegedly used in the robberies. Furthermore, there is no evidence in the record that the proceeding on the weapon charge was a sham or pretext in order to interrogate defendant about the robberies. Considering the record in its entirety, we are of the view that the trial court properly denied suppression of the statements *(People v Stanley,* 15 NY2d 30; *People v Wade,* 35 AD2d 401). The judgment, therefore, should be affirmed. Judgment affirmed. Sweeney, J. P., Mahoney, Larkin, Mikoll and Herlihy, JJ., concur.