THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
JONATHAN KEMP, Appellant.

First Department, December 6, 1977

**APPEARANCES OF COUNSEL**

*Robert Koppelman* for appellant.

*Steven J. Greenblatt* for counsel *(Billie Manning* with him on the brief; *Mario Merola, District Attorney),* for respondent.

**OPINION OF THE COURT**

Lupiano, J.

Defendant appeals from a judgment convicting him, upon his plea of guilty, of criminal possession of a controlled substance in the fifth degree.

He was charged in a four count indictment with criminal possession of a controlled substance in the third degree (possession of cocaine with intent to sell), criminal possession of a controlled substance in the fifth degree (one-eighth ounce and more of cocaine), criminal possession of a controlled substance in the fifth degree (one ounce and more of marijuana) and possession of gambling records in the first degree. On April 5, 1976, a combined hearing was held (Bell, J.) on defendant's motion to suppress certain tangible property, to wit, two packets of cocaine, a quantity of marijuana, drug paraphernalia and gambling records, and to suppress statements made by defendant. Testimony at the hearing disclosed the following: On May 11, 1975, at about 10:30 p.m., Patrolman Ward and his partner, on patrol, received a radio communication of a "family fight" and responded to 990 Anderson Avenue in the Bronx. In front of the building the officers met a woman who identified herself as Thelma Kemp. She informed the police that she had had an argument with her husband and that she wished to remove a stereo and some other personal belongings from the apartment. After she produced a marriage license, the police accompanied her to apartment 2C. It was stipulated at the hearing that at this time Thelma Kemp was the lawful

wife of defendant. In the elevator en route to the apartment, she told the police that her husband had cocaine in the apartment and she would show them where it was. Mrs. Kemp used her key to unlock the door to the apartment and told her husband, who came to the door, that she wanted her stereo. Defendant disengaged a chain from the inside, and Mrs. Kemp with the police entered the premises. Mrs. Kemp then went to the bedroom, followed by the police and the defendant, where there was an unidentified woman sitting on the bed. Mrs. Kemp took the cover off a cookie tin which was on a night table which contained drug-cutting paraphernalia and threw it to the floor, thus disclosing its contents. She then removed a paper bag from the closet and revealed its contents, a plastic bag containing marijuana. Defendant was placed under arrest and advised of his rights. Officer Ward informed defendant that a search would be conducted and if he had the cocaine, he might as well give it up now. Defendant reached into a pocket of the robe he was wearing and handed over to the police a tinfoil packet of cocaine. After Mrs. Kemp informed the officers that defendant had more drugs and the officer repeated his admonition to defendant to co-operate, defendant went to the closet in the same room and obtained therefrom another tinfoil packet of cocaine which he turned over to the police. Subsequently, a search of the night table drawer by the police produced gambling slips.

At the precinct, defendant stated that both the cocaine and marijuana belonged to him and that he intended to resell the cocaine, but to retain the marijuana for his own use.

The court, relying on *People v Scull* (37 NY2d 833) suppressed the drug equipment and the marijuana, reasoning that the wife's knowledge of them was based on confidential communication which is privileged under CPLR 4502 (subd [b]).[1] Opining that the People would require the wife's testimony to prove that defendant illegally possessed the drug paraphernalia and marijuana, the court concluded that the bar to such testimony by the marital privilege mandated suppression. However, the court refused to bar the remaining tangible property, to wit, the cocaine and the records of policy plays and the incriminating statements made by defendant on the basis that the arrest of defendant was legal. It is noted

---

1. CPLR 4502 (subd [b]) provides: "A husband or wife shall not be required, or, without consent of the other if living, allowed, to disclose a confidential communication made by one to the other during marriage."

that no appeal was taken by the People from that part of the hearing court's determination which suppressed the marijuana and drug equipment.

In light of defendant's subsequent plea of guilty to the count of the indictment alleging criminal possession of a controlled substance in the fifth degree, which count related to the cocaine which was not suppressed, we are concerned with the propriety of the obtaining of the cocaine by the police. Defendant argues, *inter alia,* that the suppression of the drug equipment and marijuana removes the basis establishing probable cause for defendant's arrest and thus renders the cocaine, subsequently relinquished by defendant, suppressible as the fruit of an illegal arrest.

■ ■ At the outset we agree with the hearing court's conclusion that the police legally entered the apartment. Mrs. Kemp's possession of the key to the apartment, the lack of opposition to her entry, and her knowledge of the premises and the location of the contraband clearly evidence her residence in the apartment. Indeed, at the hearing it was not urged that she did not live with the defendant. Patently, she had the authority to consent to a warrantless search. As noted in *United States v Matlock* (415 US 164, 171): "when the prosecution seeks to justify a warrantless search by proof of voluntary consent, it is not limited to proof that consent was given by the defendant, but may show that permission to search was obtained from a third party who possessed common authority over or other sufficient relationship to the premises or effects sought to be inspected."

As noted above, suppression of the drug paraphernalia and marijuana was based on the hearing court's application of *People v Scull (supra).* Analysis of that case discloses that its rationale did not warrant suppression under the circumstances herein. In *People v Scull* the defendant was convicted *upon a verdict* of criminal possession of a dangerous drug in the third degree, criminal possession of a dangerous drug in the sixth degree and possession of a weapon as a misdemeanor. At trial there was evidence that the defendant's wife made a telephone call summoning the police to the apartment occupied by the defendant and his wife. She exhibited a container of marijuana and a sawed-off shotgun which *she told police* belonged to the defendant. The defendant returned while the police were present and was arrested. A search of the defendant's person disclosed a vial containing LSD. The

wife's testimony at trial was to the effect that she summoned the police because of threats made by defendant, that she consented to the warrantless search of the apartment and that the marijuana and shotgun belonged to the defendant. Observing that "[t]he marital privilege *did not* preclude the police from acting, as indeed it was their duty to act, on the wife's information and the house search consented to by her", the Court of Appeals stated: "[o]n the basis of the *disclosures by the wife* and the house search the police had probable cause to arrest defendant resting on a reasonable belief that he had committed a misdemeanor, namely, illegal possession of the contraband sawed-off shotgun (Penal Law, § 265.05, subd 3)". *(People v Scull, supra,* p 834; emphasis supplied). Recognizing that the wife's disclosures were exceptions to the privilege concerning confidential communications between spouses (see CPLR 4502, subd [b]), it was noted by the Court of Appeals that the privilege is "a testimonial privilege and not a universal 'gag' rule" (p 843). Clearly, the tangible property, to wit, the shotgun, the marijuana and the LSD were not suppressed prior to trial and the introduction of this evidence at trial, together with the testimony elicited at trial, resulted in the guilty verdict. As the privilege is testimonial, the conviction of the crimes *after trial* must be sustained on proof *at trial* independent of the wife's testimony. Accordingly, the Court of Appeals sustained the conviction relating to the LSD found on defendant's person as the consequence of an incidental search emanating from a lawful arrest and sustained the conviction relating to the shotgun because there was credible evidence from witnesses other than the wife *at trial* which merited the inference that the shotgun belonged to the defendant. However, the conviction of the marijuana offense was vacated because, except for the wife's testimony barred by the marital privilege, there was no proof that defendant possessed the marijuana.

This detailed analysis of *People v Scull* clarifies the nature of the error made by the hearing court in its application of the rationale of that case to the defendant's motions for suppression. Beyond cavil, *People v Scull* on the circumstances presented by this record impels the conclusion that suppression should have been denied *in toto.* However, the hearing court removed the rationale of *People v Scull* from its appropriate context, that of a trial, and sought to apply it in an inappropriate context, that of a suppression hearing. Re-

garding the statements and actions of defendant's wife, it should be noted that "the rules of evidence normally applicable in criminal trials do not operate with full force at hearings before the judge to determine the admissibility of evidence. In *Brinegar v United States,* 338 U.S. 160 (1949), it was objected that hearsay had been used at the hearing on a challenge to the admissibility of evidence seized when a car was searched and that other evidence used at the hearing was held inadmissible at the trial itself. *The Court* sustained the trial court's rulings. It *distinguished between the rules applicable to proceedings to determine probable cause for arrest and search and those governing the criminal trial itself*—'There is a large difference between the two things to be proved, as well as between the tribunals which determine them, and therefore a like difference in the *quanta* and modes of proof required to establish them.' *Id.,* at 173. That certain evidence was admitted in preliminary proceedings but excluded at the trial—and the Court thought both rulings proper—was thought merely to 'illustrate the difference in standards and latitude allowed in passing upon the distinct issues of probable cause and guilt.' *Id.,* at 174." *(United States v Matlock, supra,* pp 172-173.)[2]

The error committed by the hearing court in directing suppression of the drug equipment and marijuana was its failure to clearly perceive that the privilege is testimonial, obtaining full import at trial, not at a suppression hearing, and that by so ruling, the court deprived the People of the opportunity to demonstrate defendant's ownership of the drug equipment and the marijuana by proof independent of testimony by the wife. In this connection we merely note that the unidentified female present in the bedroom conceivably constituted a potential source of such proof.

■ Of critical import is the fact that defendant's wife, wholly on her own initiative, sought out the drug equipment and the marijuana and displayed them to the police. It was not incumbent under these circumstances on the police to stop her from taking such action. There was no showing that the officers coerced, dominated or in any manner directed Mrs.

---

2. The United States Supreme Court further declared in *United States v Matlock* (*supra,* p 175): "There is, therefore, much to be said for the proposition that in proceedings where the judge himself is considering the admissibility of evidence, the exclusionary rules, aside from rules of privlege, should not be applicable; and the judge should receive the evidence and give it such weight as his judgment and experience counsel. However that may be, certainly there should be no automatic rule against the reception of hearsay evidence in such proceedings".

Kemp's actions. Consequently, she cannot be viewed as an agent of the police in undertaking such action. Clearly, then, these articles of tangible property voluntarily disclosed by defendant's wife would later have been admissible in evidence (see *Coolidge v New Hampshire,* 403 US 443, 487; see, also, *Burdeau v McDowell,* 256 US 465). "[I]t is no part of the policy underlying the Fourth and Fourteenth Amendments to discourage citizens from aiding to the utmost of their ability in the apprehension of criminals" *(Coolidge v New Hampshire, supra,* p 488).

■ ■ The drug equipment and marijuana disclosed to the police by the wife did not constitute a confidential communication between the spouses, but was in the nature of real evidence. It clearly formed a basis for probable cause to arrest defendant as it was discovered in premises controlled by defendant and under circumstances leading the police to reasonably believe that defendant might be the owner of such contraband. Of course, where such contraband constituted the basis of a viable count in a criminal indictment against defendant, it was incumbent on the People to demonstrate at trial and beyond a reasonable doubt that defendant did in fact own such contraband. The necessity of such demonstration was obviated in this matter by the hearing court's suppression of this contraband and defendant's guilty plea respecting the contraband not suppressed.

■ In any event, the binding effect on this court of the suppression of the drug equipment and the marijuana does not inhibit us in perceiving the narrow ground, albeit erroneous, upon which the suppression was based, to wit, invocation of the testimonial privilege respecting confidential communication between spouses. Under these circumstances, the suppression of contraband constituting real evidence does not prevent the People from demonstrating or this court from adopting the fact that such contraband formed a basis for probable cause to arrest defendant.[3] Of course, if the contra-

---

**3.** In *United States v Ashby* (245 F2d 684), real evidence in the form of defendant's tax records indicating possible tax liability of the defendant husband which were voluntarily turned over by the wife was held not to be a communication between spouses so as to preclude their use in prosecution against the husband for failure to make income tax returns. Relevant to the instant appeal, the real evidence erroneously suppressed on the narrow ground of testimonial privilege was not deprived of all use. While the suppressed matter could not be submitted into evidence at trial and the counts in the indictment based thereon would fall, nevertheless the People could, through testimony of the arresting officers, demonstrate probable cause to arrest

band had been suppressed because of an unlawful search and seizure or under any of the other grounds *specifically* delineated in CPL 710.20, then, in the absence of an appeal by the People and opportunity to review that suppression, evidence subsequently obtained by the police might well be inadmissible under the "poisonous tree" doctrine.

■ To reiterate, as the drug equipment and marijuana were suppressed not on a ground set forth in CPL 710.20 but on the ground of testimonial privilege and it clearly appearing that the hearing court properly found that the arrest of defendant was legal in consequence of probable cause, no reason is shown to require suppression of the remaining evidence. We are not constrained by any principle of reason or common sense to expand upon the hearing court's error.

Accordingly, the judgment of the Supreme Court, Bronx County (LOWE, J., at plea and sentence; BELL, J., at suppression hearing), rendered April 26, 1977, convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the fifth degree, should be affirmed.

SILVERMAN and LYNCH, JJ., concur; KUPFERMAN, J. P., concurs in result.

Judgment, Supreme Court, Bronx County, rendered on April 26, 1977, unanimously affirmed. The case is remitted to the Supreme Court, Bronx County, for further proceedings pursuant to CPL 460.50 (subd 5).

---

based on the wife's voluntary turnover of the contraband which showing would be subject to proper guidance and control by the trial court.