## (April 20, 1978)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY LEE HOWLAND, Appellant.—Appeal from a judgment of the County Court of Cortland County, rendered June 25, 1976, convicting defendant, on his plea of guilty, of the crime of murder in the second degree. Defendant was arrested and incarcerated at approximately 5:30 A.M. on February 20, 1976 in the Town of DeWitt in connection with the burglary of a local lumberyard. He was given his Miranda rights at the DeWitt Police Station and questioned by the State Police with regard to an unrelated murder investigation. When informed of the murder investigation, defendant stated to the State Police that he didn't mean to hurt anybody and refused to talk to anybody but his girl friend, Barbara Roberts. At the time defendant was

represented by counsel who stated that he was appearing only to arrange for bail on the burglary charge. Defendant was thereafter finally arraigned in the late afternoon on the burglary charge. Bail was denied him because of the pending murder investigation. At approximately 7:00 P.M. that evening, defendant said that if he was allowed to talk with his girl friend he would tell the police what they wanted to know. The police then interrogated his girl friend, Barbara Roberts, and received her consent to search the apartment she and defendant shared. Several pairs of pants, some of which apparently incriminated defendant in the murder under investigation were seized. The visit requested by the defendant with his girl friend was arranged and, at about 11:30 P.M. after defendant was again advised of his *Miranda* rights, and his waiver of those rights was obtained, police commenced questioning him. Defendant eventually fully confessed to the murder of a gas station attendant in Preble, New York, by hitting him over the head with a breaker bar in the course of a robbery. However, at about 12:30 A.M. the questioning was interrupted by a phone call from Attorney Rill who represented him at the bail proceedings. Rill, aware of the murder investigation, directed the police to cease questioning the defendant. Defendant was informed of the message from his attorney. Defendant, in substance, responded, "All he wants is my money. I don't have an attorney." The police then continued the interrogation for another two and one-half hours until approximately 3:00 A.M. A motion to suppress the confession and tangible evidence was denied and defendant then entered his plea of guilty. On this appeal, defendant contends that his confession and any fruits resulting therefrom, were inadmissible at trial because his waiver of counsel, made in the absence of counsel at a time when he was represented by counsel, was void *(People v Hobson,* 39 NY2d 479; *People v Arthur,* 22 NY2d 325). In the circumstances of this case, Attorney Rill's telephone call constituted an "affirmative and direct action relative to the interrogation" *(People v Ramos,* 40 NY2d 610, 617) amounting to the entrance of counsel into the murder investigation *(People v Hobson, supra,* p 483). It is the conduct of the attorney not the existence of a formal retainer which triggers the application of the *Donovan-Arthur* rule *(People v Arthur, supra,* p 329). Any ambiguity in the manner in which Rill undertook to expand his representation of defendant cannot be permitted to constitute a waiver of his right to counsel in the absence of the attorney *(People v Ramos, supra,* p 618). Defendant's statement to the effect that he did not have a lawyer, made without counsel, after counsel had entered the case, is invalid *(People v Arthur, supra,* p 330). Only a portion of the confession need be suppressed since it is unclear what admissions the police obtained after the entrance of counsel and whether or not the location of the breaker bar and its identification may be rendered inadmissible on a new trial as having been obtained as a result of the illegal interrogation. Defendant argues that the warnings given him under *Miranda v Arizona* (384 US 436) were inadequate relying on *People v Dunnett* (44 AD2d 733). We reject this contention. Here, unlike the deficient warning in *Dunnett,* the warnings made clear to defendant his right to an attorney prior to and during the course of any questioning. Defendant also claims that his confession was involuntary in that his mental and physical state was such as to preclude a voluntary waiver of his rights *(People v Paulin,* 33 AD2d 105, affd 25 NY2d 445). We must disagree. The record does not support his position. Defendant made a court appearance for arraignment on the burglary charge during the afternoon; he had access to his attorney during the day; he was visited by his girl friend; he was observed sleeping during the time of his detention; although he con-

tends he did not eat, there was evidence he was provided with a meal while in his jail cell and he was given soda, water and coffee to drink during the interrogation. It does not appear that defendant was subjected to a pattern of intensive intermittent interrogation *(People v Leonard,* 59 AD2d 1, 14) or continuous harassment *(People v Jackson,* 41 NY2d 146, 152, 153) which would invalidate his waiver (CPL 60.45). Defendant further contends that the search of his apartment which he shared with Barbara Roberts, based on her consent alone, was invalid. There is no merit to this argument. The voluntary consent of a joint occupant sharing common authority over the premises searched is valid as against an absent nonconsenting defendant *(People v Kemp,* 59 AD2d 414; *People v Mortimer,* 46 AD2d 275, 276). We find no error in the trial court's ruling on defendant's motion for discovery. Judgment reversed, on the law, and a new trial ordered prior to which a hearing should be conducted to determine which portion of his confession or admissions were obtained after reception of the phone call from his attorney and whether any tangible evidence was obtained as a result thereof. Sweeney, J. P., Staley, Jr., and Mikoll, JJ., concur; Kane and Larkin, JJ., dissent and vote to affirm in the following memorandum by Larkin, J. Larkin, J. (dissenting). We dissent. Although Mr. Rill, who represented defendant on the unrelated burglary charge, became aware that the defendant was under investigation for the more serious charge which is the subject of this appeal, there is no indication whatsoever in this record that he was retained by the defendant in connection with the murder investigation or that he ever "communicated with the police for the purpose of representing the defendant" on the murder charge (cf. *People v Ramos,* 40 NY2d 610, 616). To the contrary, Mr. Rill, according to the testimony of the police officers involved as well as his own testimony, continued to take the position that he represented defendant for bail purposes only. As such, the requests by Mr. Rill that the police cease interrogating the defendant, including the request made after the commencement of the interrogation which led to defendant's confession for the murder, were not made by an attorney who had entered the proceeding within the contemplation of *People v Arthur* (22 NY2d 325). The defendant's unequivocal waiver of his right to counsel prior to his confession was thus valid despite the fact that it was made in the absence of the attorney *(People v Coleman,* 43 NY2d 222; *People v Dibble,* 59 AD2d 796). The judgment of conviction should be affirmed.