■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEBORAH J. AA, Appellant.—Appeal from a judgment of the County Court of Broome County, rendered August 26, 1977, which adjudged appellant to be a youthful offender and sentenced her to a term of five years' probation. After the denial of her motion to suppress certain evidence discovered by the police during a search of her bedroom, defendant pleaded guilty to the crime of criminal possession of a controlled substance in the fifth degree, a class C felony, on August 26, 1977. The court immediately vacated her conviction and, adjudging her to be a youthful offender, sentenced defendant to a term of five years probation. Seeking a dismissal of the indictment against her, defendant now appeals and argues that her motion to suppress should have been granted because the search of her bedroom was unreasonable under the Fourth Amendment to the United States Constitution. We hold that the judgment appealed from should be affirmed. The search of her bedroom to which defendant objects was undertaken by the police only after they obtained a written consent from defendant's stepfather, Lester Platt. The basis of defendant's appeal is that her stepfather lacked the requisite authority to consent to the search. We cannot agree. The bedroom search was precipitated when a high school girl who was sharing defendant's bedroom for the duration of the school year was apprehended at school selling marihuana cigarettes. Since he was acting as a guardian of the girl in accordance with an agreement with her parents, Mr. Platt was immediately summoned to the school. He later agreed in writing to permit the police to conduct the search. While defendant emphasizes that six weeks previous to the search her stepfather had stopped living at the family residence as a result of a marital dispute, it is clear that he remained on friendly terms with his wife and family and his role as father was not significantly diminished. He continued to have free access to the home, visited there often, and the lease on the house with an accompanying option to buy remained in his name. Moreover, when he arrived with the police at the house, Mrs. Platt, his wife and defendant's mother, conceded that she assumed a search was to be made and acquiesced therein. Under all of these circumstances, we hold that Mr. Platt clearly "possessed common authority over or other sufficient relationship to the premises * * * to be inspected" so as to legitimize his consent to the subject search (United States v Matlock, 415 US 164, 171), and, accordingly, defendant's motion to suppress was properly denied. (See also, People v Kemp, 59 AD2d 414.) Judgment affirmed. Greenblott, J. P., Sweeney, Staley, Jr., Main and Mikoll, JJ., concur.