■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD ARMSTRONG, Appellant.—Judgment, Supreme Court, Bronx County, rendered May 15, 1975, convicting defendant, after a jury trial, of robbery in the second degree, unanimously reversed, on the law, and the matter remanded for a new trial. Defendant and one Robert Thomas were charged with, *inter alia,* robbery in the first degree and were tried together. Both gave statements to an Assistant District Attorney following their arrest. Both testified in their own behalf and were the only defense witnesses. The trial court erred in receiving the statement of codefendant Thomas into evidence without informing the jury that such statement did not constitute evidence against defendant Armstrong. Unlike defendant's statement, Thomas' statement implicated the defendant as well as himself in a robbery of the complainant. Although admissible against Thomas under the admission exception to the hearsay rule, Thomas' statement was inadmissible as to defendant since it was made outside of defendant's presence and after any joint enterprise had ended *(People v Marshall,* 306 NY 223, 226; Richardson, Evidence [10th ed], § 232, pp 206-207). The absence of cautionary instructions to the jury and the repeated references, including references in summation, to the statements made by the defendant and Thomas without any distinction being made between these two statements, effectively deprived defendant of a fair trial *(People v Oree,* 22 AD2d 784). Inadmissible hearsay testimony that someone named "Ramona" said she knew or believed defendant was guilty was brought to the jury's attention. In summation, the prosecutor incorrectly asserted that defendant and Thomas had admitted to one Ellis that "they were involved" and that "they did it." The cumulative effect of these errors mandates that defendant be afforded a new trial. Concur—Kupferman, J. P., Lupiano, Lane, Sandler and Sullivan, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BEVERLY DONNA HODGE, Appellant.—Judgment, Supreme Court, New York County, rendered May 25, 1976, convicting defendant, after jury trial, of murder (former Penal Law, § 125.25, subd 1), and sentencing her to a term of imprisonment of 15 years to life, is unanimously affirmed. We do not reach the question of the admissibility against defendant of certain alleged declarations against penal interest made by the alleged killers. Those declarations bear on the question of who had done the actual killing. But that issue was removed from the case by the stipulation that the defense does not contest the People's contention that the declarants were the killers. The stipulation is not rendered invalid because it may have been induced in part by evidentiary rulings by the Trial Judge which appellant now attacks; a major purpose of such a stipulation is to dispose of just such uncertainties for both sides. Concur—Silverman, J. P., Evans, Lane and Sandler, JJ.