■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT THOMAS, Appellant.—Judgment, Supreme Court, Bronx County, rendered May 15, 1975, convicting defendant of robbery in the second degree and sentencing him to a term of imprisonment, unanimously reversed on the law, and the matter is remanded for a new trial. Defendant and one Armstrong were charged with robbery in the first degree among other crimes, and were tried together. Each separately gave a statement to an Assistant District Attorney following his arrest. Armstrong, in his statement, while seeking to exculpate himself, incriminated Thomas. Thomas, on the other hand, incriminated both himself and Armstrong. Both statements were admitted in evidence. In receiving the statement of codefendant Armstrong without admonishing the jury that such statement did not constitute evidence against this defendant, the trial court committed error. The statement, although admissible against Armstrong under the admission exception to the hearsay rule, was inadmissible as to Thomas, since it was made outside of Thomas' presence and after the joint enterprise had ended (People v Marshall, 306 NY 223, 226; Richardson, Evidence [10th ed], § 232, pp 206-207). True it may be that Thomas had inculpated himself by his own statement. However, the repeated references to the statements without making any distinction between them, compounded by the references to them by the prosecutor on summation, gave them a cumulative effect which might well have eliminated any doubt which might have existed in the minds of the jury. Thus, even in the absence of objection by defense counsel, its effect was to deprive Thomas of a fair trial (People v Marshall, supra; People v Oree, 22 AD2d 784). Moreover, the jury was made aware by hearsay testimony that someone named "Ramona" said she knew or believed defendant was guilty of the crime charged. Additionally, in summing up to the jury, the prosecutor asserted that defendant and Armstrong had admitted to Ellis, the complainant, that they had been involved and that "they did it". The proof demonstrates only that two days following the robbery, some four or five people appeared in the apartment of complainant and apologized for the incident and blamed a youngster for actually stabbing Ellis. The testimony shows that all were "Talking at the same time". While it is conceded both Armstrong and Thomas were included among the group, there is no indication that either of them participated in the apology. Hence, the attribution to defendant of the statements claimed to have been made by the group was improper. The cumulative effect of these errors resulted in the reversal of Armstrong's conviction (People v Armstrong, 64 AD2d 535). They are no less persuasive in requiring a new trial here. Counsel for defendant has urged an additional point which should be disposed of in advance of the new trial. It is contended that the statement made by defendant to the Assistant District Attorney should be suppressed

on the ground that the *Miranda* warnings did not include an admonition that defendant had the right to have an attorney present at the interrogation *(People v Dunnett,* 44 AD2d 733; *People v Bowers,* 45 AD2d 241). However, we find this claim is not borne out by the record. The transcript of the preliminary hearing indicates that the warnings given included the following: "Q. Do you understand that you have the right to an attorney *present?* A. Yes." (Emphasis supplied.) We hold that this was adequate. Of course the comment made to Detective Mongan in response to Mongan's statement that he was there to investigate a stabbing was spontaneous and therefore admissible *(People v Huffman,* 41 NY2d 29). Concur—Sandler, J. P., Lane, Markewich, Lupiano and Bloom, JJ.