■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN C. WAGGONER, Appellant.—Appeal by defendant from a judgment of the County Court, Nassau County, rendered October 12, 1977, convicting him of murder in the second degree, upon a plea of guilty, and imposing sentence. Judgment affirmed. The defendant's motion to vacate the judgment of conviction, pursuant to CPL article 440, was denied by the County Court by order dated October 2, 1979, and leave to appeal from that order was denied by this court by order dated December 14, 1979. References in defendant's brief to the CPL article 440 motion are therefore dehors the record, and have not been considered by this court in deciding the instant appeal. Defendant's contentions that his confession was coerced and obtained in violation of his right to counsel, were waived when, prior to entering his plea of guilty, he withdrew his motion to suppress the confession (see CPL 710.70, subd 3). We find no merit to any of the other arguments advanced by defendant. Lazer, J. P., Gibbons, Gulotta and Cohalan, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v MARIA YALTI, Respondent.—Appeal by the People from an order of the Supreme Court, Queens County, dated July 31, 1979, which, after a hearing, granted defendant's motion to suppress physical evidence. Order affirmed. Assuming, *arguendo,* that the officers' reasonable belief in the authority of the defendant's estranged husband to consent to a search of her apartment would be sufficient for purposes of the Fourth Amendment (see, generally, 2 La Fave, Search and Seizure, A Treatise on the Fourth Amendment, § 8.3, pp 716-725 and the cases cited therein; but see *United States v Matlock,* 415 US 164, 171, n 7; *People v Cosme,* 48 NY2d 286, 293, n 2), it is our belief that the evidence at bar precluded the officers from reasonably so concluding, especially in view of the representation by defendant's husband that he needed the officers' assistance in gaining admittance to the apartment in question because his wife, who was not at home at the time, had proceeded to change the locks in an apparent attempt to exclude him from the premises (cf. *People v Deborah J. AA,* 63 AD2d 808). Gulotta, J. P., Cohalan, Margett and O'Connor, JJ., concur.