THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JULIO BORRELL, Also Known as JULIO CESAR BORRELL, Appellant. [779 NYS2d 134]—

Appeals by the defendant from (1) a judgment of the Supreme Court, Queens County (Eng, J.), rendered June 11, 1998, convicting him of robbery in the first degree (three counts), burglary in the second degree, criminal possession of a weapon in the third degree (three counts), criminal possession of a controlled substance in the third degree, and criminal possession of a weapon in the fourth degree (two counts) under indictment No. 3794/94, upon a jury verdict, and imposing sentence, and (2) a judgment of the same court (Roman, J.), rendered December 10, 1998, convicting him of robbery in the first degree (six counts), assault in the first degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree under indictment No. 4841/94, upon a jury verdict, and imposing sentence. The appeals bring up for review the denial, after a hearing (Cooperman, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment rendered June 11, 1998, is modified, on the law, (1) by vacating the conviction of criminal possession of a weapon in the third degree under count 8 of indictment No. 3794/94, and the convictions of criminal possession of a weapon in the fourth degree under counts 9 and 10 of indictment No. 3794/94, vacating the sentences imposed thereon, and dismissing those counts of that indictment, and (2) by vacating the convictions of robbery in the first degree and burglary in the second degree under counts 1, 2, 3, and 4 of indictment No. 3794/94; as so modified, the judgment rendered June 11, 1998, is affirmed, that branch of the defendant's omnibus motion which was to suppress physical evidence seized from his apartment is granted, and a new trial is ordered on the charges of robbery in the first degree and burglary in the second degree under counts 1, 2, 3, and 4 of indictment No. 3794/94; and it is further,

Ordered that the judgment rendered December 10, 1998, is affirmed.

Contrary to the defendant's contention on appeal, the Supreme Court properly admitted evidence seized from his person and his vehicle at the time of his arrest (*see People v*

*Knapp,* 52 NY2d 689, 694-695 [1981]; *People v Hughes,* 138 AD2d 523, 524 [1988]). Moreover, the Supreme Court properly found that, under the circumstances, the marital privilege did not apply to the defendant's communications with his wife (*see Matter of Vanderbilt,* 57 NY2d 66, 73 [1982]; *People v Patterson,* 39 NY2d 288, 304 [1976], *affd* 432 US 197 [1977]; *cf. People v Fediuk,* 66 NY2d 881 [1985]).

However, the Supreme Court should have granted that branch of the defendant's omnibus motion which was to suppress the physical evidence seized from his apartment. The police were not authorized to conduct a warrantless search of the defendant's apartment when the key provided to them by the defendant's estranged wife proved to be nonfunctioning (*see People v Yalti,* 76 AD2d 847 [1980]). Thus, the evidence obtained as a result of the search should have been suppressed (*id.*). Accordingly, the convictions supported by this evidence must be reversed, and the counts of indictment No. 3794/94 relating to possession of weapons recovered from the search of the defendant's apartment must be dismissed (*see* CPL 470.20 [3]; *People v Rossi,* 80 NY2d 952 [1992]; *cf. People v Perkins,* 189 AD2d 830 [1993]).

Furthermore, since the evidence of distinctive clothing recovered during the search should also have been suppressed, and the clothing provided significant support for the identification of the defendant as the masked man responsible for the robberies and burglary charged under indictment No. 3794/94, the convictions with respect to those counts must be reversed, and a new trial is required on those counts.

The defendant's remaining contentions, including those raised in his supplemental pro se brief, are without merit. Ritter, J.P., Smith, H. Miller and Mastro, JJ., concur.