Judgment, Supreme Court, New York County (John Cataldo, J., at hearing; Ruth Pickholz, J., at jury trial and sentence), rendered October 30, 2007, convicting defendant of rape in the first degree and third degree and two counts of sexual abuse in the first degree, and sentencing him to an aggregate term of 10 years, unanimously affirmed.
The court properly denied defendant’s suppression motion. *562 The police reasonably believed, based on an objective view of the circumstances, that defendant’s wife (the sister of the rape victim) had authority to consent to the entry and search of the apartment where defendant lived (see People v Gonzalez, 88 NY2d 289, 295 [1996]; People v Adams, 53 NY2d 1, 9-11 [1981], cert denied 454 US 854 [1981]). Defendant’s wife specifically told the police that she was presently living with defendant in the apartment as husband and wife, even though she had just left the apartment after an argument with defendant. When the police accompanied her to the apartment, she sufficiently explained that her key did not work because defendant’s habit was to change the lock after they had a fight, and that her belongings and those of her child remained in the apartment. These circumstances are completely different from those in which the consenting party was permanently estranged from the defendant and not just temporarily absent (see e.g. People v Yalti, 76 AD2d 847 [1980]). Here, the police had ample reason to believe that, despite defendant’s apparent effort to exclude his wife, she was still a lawful occupant of the marital apartment who had not chosen to move out.
In any event, the record also establishes that, notwithstanding the presence of the police, the entry into the apartment and the recovery of evidence were accomplished entirely by private action (see People v Duerr, 251 AD2d 161 [1998], lv denied 92 NY2d 949 [1998]). Concur—Gonzalez, P.J., Mazzarelli, Sweeny, Renwick and Richter, JJ.